STATE of Ohio, Appellee,

v.

YATES, Appellant.

[Cite as *State v. Yates*, 166 Ohio App.3d 19, 2006-Ohio-1424.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2005–CA–92.

Decided March 24, 2006.

---

Michael A. Mayer, City of Fairborn Prosecuting Attorney, and Betsy A. Boyer, Assistant Prosecuting Attorney, for appellee.

Jon Paul Rion, for appellant.

WOLFF, Judge.

{¶ 1} Willie Yates was found guilty of driving under suspension. He was fined and sentenced to 180 days. We have stayed the jail sentence.

{¶ 2} On appeal, Yates's first assignment of error is that he received ineffective assistance of trial counsel. Yates's trial counsel failed to file a timely motion to suppress. Had the motion been filed and sustained, the state would not have had a case because the incriminating statements Yates allegedly made and other incriminating evidence would have been suppressed as fruit of the poisonous tree.

{¶ 3} The issue on a motion to suppress would have been whether Sgt. Wyatt of the Wright State Police Department had a reasonable, articulable suspicion that Yates was driving under suspension, so as to justify Sgt. Wyatt's prolonging an investigative stop in order to ask Yates if he had driving privileges.

{¶ 4} The jury trial transcript contains Sgt. Wyatt's testimony as to the circumstances culminating in the stop.

{¶ 5} The stop occurred in the early afternoon of March 15, 2005. Wyatt had been dispatched to university housing on a report of several black males distributing advertising handbills. He observed four black males get into a

Cadillac, and he followed the car as it drove through the Wright State University campus. As he followed the car, he learned from running the car's registration through the Law Enforcement Automated Data System that the owner of the car was female and that she was under suspension. The driver of the car kept checking the rear view mirror, and the occupants kept looking back as Wyatt followed the car. Although the driver did not violate any traffic laws, the driver drove in an evasive, zig-zagging fashion through several parking lots. The car stopped at the BIOS building and the driver, whom Wyatt identified as Yates, exited, as did the front seat passenger, and the two exchanged places. Wyatt observed this from 75 yards away and could not ascertain from that distance whether Yates was male or female. When the car took off again, Wyatt made a traffic stop. With the driver and front seat passenger still in the car, he asked the driver, Lamont Chambers, for his operator's license, which Chambers produced. Wyatt then asked the front seat passenger, Yates, if he had driving privileges. Yates said "no" and also admitted to driving.

{¶ 6} The state does not defend the failure of trial counsel to timely file a motion to suppress, but, rather, argues that a motion to suppress—had it been filed—would have been overruled so that Yates was not prejudiced by trial counsel's failure.

{¶ 7} The record reveals that the information that the owner of the Cadillac was female and under suspension was filed and available for inspection by trial counsel within a day or so after March 15, almost five months prior to August 10, 2005, the trial date, when trial counsel first made an oral motion to suppress.

{¶ 8} Trial counsel's stated reason for Yates's oral motion to suppress was:

{¶ 9} "So this is a belated motion to suppress because obviously when he (Sgt. Wyatt) ran the plates as he said he did in the police report, it was clear that the owner of the car was a woman, her name is Charlene Chambers and all the individuals in the car were males. So it is my contention, I did not know that, I just found it out yesterday that she's a female, but it is my contention that the stop was unreasonable and unlawful because the officer knew that the driver of the car was not a female."

{¶ 10} We agree with Yates that counsel's failure to timely move to suppress fell below an objective standard of reasonable representation. We are also satisfied that had a timely motion to suppress been filed, it would have been sustained.

{¶ 11} Sgt. Wyatt's only legitimate basis for making an investigative stop was his belief that the driver of the Cadillac may have been a female who was under suspension. Although he may not have been able to ascertain Yates's gender when he observed Yates—from a distance of 75 yards—exit the driver's

seat, once he observed Yates in the passenger seat after the traffic stop, Sgt. Wyatt realized that Yates was not female. Upon discovering that Yates was not female, Sgt. Wyatt had no justifiable basis for prolonging the stop to ask Yates if he had driving privileges. Upon observing Yates to be a male, any reasonable, articulable suspicion that a female had been driving under suspension dissipated. See *State v. Chatton* (1984), 11 Ohio St.3d 59, 11 OBR 250, 463 N.E.2d 1237.

{¶ 12} The first assignment is sustained.

{¶ 13} The second assignment contends that the verdict is against the manifest weight of the evidence. Given our disposition of the first assignment, this assignment is overruled as moot.

{¶ 14} The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

GRADY, P.J., and DONOVAN, J., concur.