DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Bowling Green Municipal Court.
 {¶ 2} During the early morning hours (approximately 4:45 a.m.) of June 26, 2005, Patrolman Jason Broshius, a member of the Bowling Green Police Department, observed appellant, Andrew T. Ruehl, crossing Wooster Street heading toward South Grove Street. Both thoroughfares are located in Bowling Green, Wood County, Ohio. As his patrol car passed Ruehl, appellant looked at Officer Broshius, began to "jog a little bit," and then "walked fast"/ran down South Grove.
 {¶ 3} Broshius turned his vehicle around, drove down South Grove in the same direction that appellant was walking,[1]
stopped his patrol car, got out of the vehicle, and called to appellant, saying "Excuse me." Appellant turned around, and Officer Broshius then asked whether he could speak with appellant for a second. The officer did not turn on any of the lights on his patrol car or sound his siren.
 {¶ 4} When appellant came close to the officer, Broshius asked him where he was coming from and where he was going. Appellant said that he had been at a friend's house and was on his way to another friend's house. While he was speaking to appellant, Officer Broshius detected the odor of "alcoholic beverage" emanating from the young man. He also noticed that appellant's eyes appeared bloodshot and glassy. Appellant claimed that he had been swimming earlier. Broshius asked appellant his age. Appellant told him that he was 19 years old, and, apparently, also told the officer that he had lost his wallet. When Officer Broshius ran a "check" using either appellant's "social security number or [his] date of birth," the police dispatcher informed the officer that appellant's wallet was at the police station.
 {¶ 5} Upon learning appellant's age, Officer Broshius administered the horizontal gaze nystagmus test; appellant's eyes displayed all six indicators that show that an individual is under the influence of alcohol. Based upon the test results and his observations, Broshius issued a citation, pursuant to R.C.4301.69(E)(1), for underage consumption of beer or intoxicating liquor. The officer took appellant to the police station solely for the purpose of recovering his wallet and then drove him home.
 {¶ 6} On August 15, 2005, appellant's trial counsel filed a motion to suppress all evidence obtained as the result of the "warrantless stop, detention and seizure" of appellant on the morning of June 26, 2005. Counsel asserted that appellant'sFourth, Fifth, and Sixth Amendment rights under the United States Constitution were violated. After holding a hearing, the trial court denied appellant's motion to suppress. The court found that the encounter between appellant and Officer Broshius was consensual, that appellant was therefore not in custody at the time he spoke with the officer, and that the officer had "probable cause" based upon appellant's appearance and the results of the horizontal gaze nystagmus test.
 {¶ 7} Appellant was tried and found guilty. The court sentenced him on October 18, 2005, and this timely appeal followed. Appellant asserts a single assignment of error:
 {¶ 8} "The trial court committed prejudicial error when it overruled defendant-appellant Ruehl's Crim. 12(B)(3) [sic] motion because officer Broshius' contact with him constituted, in view of all the circumstances, a non-consensual rather than, as it ruled, a consensual encounter that led to his citation and conviction for having violated R.C. 4309.69(E)."
 {¶ 9} Appellant contends that the trial court erred in finding that the circumstances surrounding the encounter between Officer Broshius and himself exemplified a consensual, rather than a custodial, situation. Citing the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution, appellant argues that this encounter violated his constitutional right to be free of warrantless searches and seizures. Therefore, he maintains that any evidence obtained as the result of that encounter should have been suppressed.
 {¶ 10} An appellate court's review of a trial court's ruling on a Crim.R. 12(C)(3) motion to suppress presents a mixed question of law and fact. State v. Long (1998),127 Ohio App.3d 328, 332. The trial court acts as the trier of fact during a suppression hearing and is, therefore, best equipped to evaluate the credibility of witnesses and resolve questions of fact.State v. Hopfer (1996), 112 Ohio App.3d 521, 548. (Citation omitted.) Thus, an appellate court must accept the factual determinations of a trial court so long as they are supported by competent and credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. The application of the law to those facts, however, is then subject to de novo review. State v. Curry
(1994), 95 Ohio App.3d 93, 96; State v. Tolliver, 10th Dist. No. 02AP-811, 2004-Ohio-1603, ¶ 38. (Citations omitted.)
 {¶ 11} The Fourth Amendment guarantees individuals the right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. Delaware v. Prouse
(1979), 440 U.S. 648, 653-654. Nonetheless, not every contact between a law enforcement officer and a citizen implicates constitutional guarantees. United States v. Mendenhall (1980),446 U.S. 544, 553. When a police officer simply approaches a person in a public place, engages the person in conversation or requests information and that person is free not to answer or to walk away, it is considered a consensual encounter. Florida v.Bostick (1991), 501 U.S. 429, 434. It is only when a police officer, either by physical force or a show of authority restrains the person's liberty so that a reasonable person would not feel free to leave that a seizure occurs and must be justified. Mendenhall, 446 U.S. at 553-554; State v. Taylor
(1995), 106 Ohio App.3d 741, 747-748.
 {¶ 12} Among the considerations used to determine the consensual nature of the encounter are the presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. Mendenhall, 446 U.S. at 554. We review the issue of the existence of a consensual encounter by examining the totality of the circumstances. See Florida v.Royer (1983), 460 U.S. 491, 506-507.
 {¶ 13} In the case before us, appellant was walking in a public place when Officer Broshius approached and asked appellant whether he could speak to him. Broshius did not employ the overhead lights or siren on his police vehicle, he did not display any weapon or physically touch appellant, and there is no indication in the record of this cause showing that either the tone of his voice or the language that he used led appellant to believe that he was required to comply with the officer's request. While it appears that Sergeant Carsey followed Broshius in his police vehicle, there is also no evidence to establish that Carsey took part in the conversation between Broshius and appellant. Therefore, we conclude that, under the totality of the circumstances, the encounter in this cause was consensual and required no justification. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 14} The judgment of conviction and sentence entered by the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J Singer, P.J. Glasser, J. Concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Sergeant Carsey, another member the Bowling Green Police Department, was also driving on Wooster Street at this time. He too turned his patrol car around and followed Officer Broshius, but did not participate in the encounter between appellant and Broshius.