OPINION
{¶ 1} Appellant Ashley B. Matthews challenges her conviction on one count of underage drinking following a bench trial. She was a passenger in a vehicle in which a number of open containers of alcoholic beverages were found. She told the police that she had consumed a small glass of wine with her mother earlier in the evening, but had not consumed any alcohol after that. Appellant's mother confirmed her testimony at the bench trial. Appellant contends on appeal that the trial court made impermissible inferences from the evidence and improperly took judicial notice regarding the length of time it takes for the odor of an alcohol beverage to dissipate. Although the evidence at trial indicated that Appellant was found in the vicinity of containers of alcoholic beverages, it is insufficient to establish beyond a reasonable doubt all the elements of underage drinking, which requires proof that she knowingly ordered, purchased, possessed or consumed any beer or intoxicating liquor, other than the permissible glass of wine that she drank with her mother. The judgment of the Belmont County Court, Northern Division, is reversed and the charge dismissed.
 {¶ 2} Appellant was charged on May 18, 2006, with one count of underage consumption, R.C. 4301.69(E)(1), a first degree misdemeanor. The charge arose from events which occurred at approximately 1:17 a.m. on May 16, 2006. Sergeant Thomas DeVaul of the Belmont County Sheriffs Department was on patrol on County Road 4 in Belmont County, when he saw a vehicle pulled off to the side of the road. Appellant was outside the vehicle urinating, and a young man was with her. When the two of them saw Sergeant DeVaul's car, one of them grabbed a beer bottle off the hood of the parked vehicle and rushed into the rear passenger seat together. *Page 2 
Sergeant DeVaul approached the vehicle and, in a friendly manner, told them that they could not urinate in public and that they were on a public road. He noted that there were five people in the vehicle, two in the front, and three in the back. Appellant was in the back, seated between two men. Appellant was 19 years old at the time. She was not the owner or driver of the vehicle, but merely a passenger. The other people in the vehicle were all over 21 years of age.
 {¶ 3} While the sergeant was talking to them, he noticed a number of bottles of alcohol on the floor of the vehicle in the front passenger side, and he asked everyone to exit the vehicle. Another deputy arrived, and the officers conducted a pat-down search of all five people who were in the car. Sergeant DeVaul noticed an odor of alcohol coming from Appellant. She told the officer that she had consumed a glass of wine with her mother earlier in the evening. The officers found five beer bottles (one opened), an opened bottle of peach schnapps, and an opened bottle of vodka in the front seat. They also found a baggie of suspected marijuana and some scales underneath the rear seat.
 {¶ 4} The officers did not conduct any type of field sobriety tests or other test for alcohol on any of the five persons. No citations were issued at the time. The charge against Appellant was filed two days later, and was the only charge filed stemming from this incident. The court held a bench trial on June 28, 2006. Sergeant DeVaul testified, along with Appellant's mother, Theresa Matthews. Appellant's mother testified that she allowed Appellant to consume a small glass of wine earlier in the evening at about 6:00 p.m. The trial court indicated that he had been inclined to rule in Appellant's favor until he found out that there was a seven *Page 3 
hour time gap between Appellant's legal consumption of the glass of wine with her mother and the early morning traffic stop in which Sergeant DeVaul noticed an odor of alcohol coming from Appellant. The judge found Appellant guilty. The June 28, 2006, judgment entry sentenced Appellant to ten days in jail, all suspended except for two days of community service. The judge also imposed a fine and two years of probation. This timely appeal followed on June 30, 2006.
 ASSIGNMENT OF ERROR {¶ 5} "THE COURT BELOW COMMITTED PREJUDICIAL ERROR BY TAKING NOTICE OF FACTS NOT IN EVIDENCE AND BY BASING ONE INFERENCE UPON ANOTHER."
 {¶ 6} Appellant is claiming reversible error due to two errors regarding the trial court's use of evidence presented at trial. An appellate court reviews a decision on the admissibility of evidence on an abuse of discretion standard. State v. Sage (1987),31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. It is clear from Appellant's overall argument, though, that the issue on appeal is whether there was sufficient evidence to support the conviction. Appellant is arguing that if the trial court did not take "judicial notice" of the length of time it takes for an odor of alcoholic beverage to dissipate, and if the court did not then make the impermissible inference that drinking a glass of wine could not leave an odor for seven hours, there would be no evidentiary basis for the conviction. Thus, the appropriate standard of review is that which applies to the sufficiency of the evidence. *Page 4 
 {¶ 7} "`"[S]ufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, quoting Black's Law Dictionary (6 Ed.1990) 1433; Crim.R. 29(A). "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." Id., citing State v. Robinson (1955), 162 Ohio St. 486,55 O.O. 388, 124 N.E.2d 148. Sufficiency of the evidence is a question of law and reviewed de novo on appeal. State v. Miley (1996),114 Ohio App.3d 738, 742, 684 N.E.2d 102. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 8} Appellant was charged with the first degree misdemeanor crime of violating R.C. 4301.69(E)(1), which states:
 {¶ 9} "No underage person shall knowingly order, pay for, share the cost of, attempt to purchase, possess, or consume any beer or intoxicating liquor in any public or private place. No underage person shall knowingly be under the influence of any beer or intoxicating liquor in any public place. The prohibitions set forth in *Page 5 
division (E)(1) of this section against an underage person knowingly possessing, consuming, or being under the influence of any beer or intoxicating liquor shall not apply if the underage person is supervised by a parent, spouse who is not an underage person, or legal guardian, or the beer or intoxicating liquor is given by a physician in the regular line of the physician's practice or given for established religious purposes."
 {¶ 10} More specifically, Appellant was charged as follows: "being an underage person, to-wit: age 19 (D.O.B. 08-18-86), did knowingly possess or consume any beer or intoxicating liquor, in any public or private place." (Complaint.)
 {¶ 11} R.C. 4301.69(H)(5) defines "underage" as a person under twenty-one years old.
 {¶ 12} R.C. 4301.01(A)(1) defines "Intoxicating liquor" as:
 {¶ 13} "* * * all liquids and compounds, other than beer, containing one-half of one per cent or more of alcohol by volume which are fit to use for beverage purposes, from whatever source and by whatever process produced, by whatever name called, and whether they are medicated, proprietary, or patented. `Intoxicating liquor' and `liquor' include wine even if it contains less than four per cent of alcohol by volume, mixed beverages even if they contain less than four per cent of alcohol by volume, cider, alcohol, and all solids and confections which contain any alcohol."
 {¶ 14} Given the aforementioned definitions, the state needed to prove that: 1) Appellant was underage; 2) that she acted knowingly; 3) that she possessed or consumed the prohibited substance; and 4) that the substance was beer or an intoxicating liquor. *Page 6 
 {¶ 15} There does not seem to be any question that Appellant was underage and that the beverages found in the car were beer or intoxicating liquors. The entire issue on appeal is whether there was proof that Appellant knowingly possessed or consumed the beverages without privilege. The evidence indicated that there were multiple open bottles of alcoholic beverage in the car. The evidence indicated that Sergeant DeVaul noticed an odor of alcohol coming from Appellant. It is not clear how the officer distinguished the odor which was emanating from the open bottles in the car from any odor of alcohol coming from Appellant, since Appellant was seated in the car when he noticed the odor. Sergeant DeVaul did not specify what type of alcoholic odor he smelled or if it matched any of the open bottles of alcoholic beverage found in the car. He also failed to indicate whether the odor he smelled came from Appellant's breath.
 {¶ 16} The state also tried to prove that Appellant was seen, along with another young man, taking a bottle of beer from the hood of the car. Sergeant DeVaul's testimony about this, though, was inadequate to add any further light on the subject of possession or consumption of alcohol. The officer observed Appellant and another person standing outside of the car, and he then saw a bottle of beer "disappear" when the two of them reentered the car. (Tr., p. 8.) The officer did not know which one of them removed the bottle. The officer gave what appears to be an equivocal answer when asked whether the bottle was open or closed. His answer was, "I believe it was one of the open ones." (Tr., p. 8.) There is nothing in the record indicating why the officer believed it to have been an open bottle of beer. An officer's unsubstantiated subjective belief cannot even support probable cause for *Page 7 
arrest, much less provide the basis for a conviction. State v.Yates, 166 Ohio App.3d 19, 2006-Ohio-1424, 848 N.E.2d 917, ¶ 11;State v. Deters (1998), 128 Ohio App.3d 329, 333, 714 N.E.2d 972. The officer later testified that he did not know exactly which of the five beer bottles was the one taken from the hood of the car when Appellant reentered the vehicle. (Tr., p. 11.) This evidence does not support an inference that Appellant had possession of a bottle of beer, and does not give any indication of consumption because it is not clear whether the bottle was even open.
 {¶ 17} Appellant's conviction is based on these facts: Sergeant DeVaul's vague statement that Appellant had an odor of alcohol; the fact that Appellant was a passenger in a car with three open bottles of alcoholic beverage; and Sergeant DeVaul's testimony that Appellant was the only person in the car whom he remembered having an odor of alcohol. Other cases involving underage drinking refer to much more substantial evidence than this. For example, in a recent case from the Twelfth District, the underage drinking conviction was affirmed on the following basis: "Evidence was presented that appellant had consumed alcohol on the evening in question, that appellant was under the age of 21, and that appellant displayed glassy, bloodshot eyes, and had an odor of alcohol about him." State v. Baldev, 12th Dist. No. CA2004-05-106,2005-Ohio-2369, ¶ 52. In another case, the conviction for underage drinking was based primarily on an odor of alcohol, glassy eyes, and the fact that the defendant failed the horizontal gaze nystagmus test.State v. Ruehl, 6th Dist. No. WD-05-092, 2006-Ohio-6054. Obviously, these are only indicative cases, but they do point out the weakness of the evidence here, especially *Page 8 
the lack of any direct evidence to show that Appellant illegally consumed or possessed the alcoholic beverages that were found in the car.
 {¶ 18} Appellant raised the defense that the odor of alcohol noticed by Sergeant DeVaul was due to the fact that she lawfully drank a glass of wine with her mother earlier in the evening. Appellant's mother testified at trial that she allowed Appellant to drink a glass of wine at 6:00 p.m., approximately seven hours before she was observed by Sergeant DeVaul. R.C. § 4301.69(E)(1) allows an underage person to drink beer or intoxicating liquor if a parent is present. One key issue in this case is whether or not the trial judge could made a reasonable inference that the glass of wine that Appellant had consumed at 6:00 p.m. the evening before did not continue to produce an odor of alcohol approximately seven hours later. The trial judge decided that Appellant's prior consumption of wine at 6:00 p.m. the evening before was not a convincing defense because of the seven hour time lapse between drinking the glass of wine and Sergeant DeVaul's observation of an odor of alcohol. Thus, the judge was necessarily relying on a presumption or inference about how much time one glass of wine could continue to release fumes and leave an odor. It is this presumption or inference that Appellant contends was an erroneous example of the use of "judicial notice" by a court.
 {¶ 19} Evid.R. 201(B) describes judicial notice as follows: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Page 9 
 {¶ 20} It does appear that the trial court accepted as established fact that wine could not leave an odor on or about a person for seven hours after consumption. There is nothing in the record, however, to support such a conclusion. There is some limited caselaw that tends to refute this conclusion. An Eleventh District decision concerning the issue of driving under the influence (DUI), contains these observations: "The trooper also stated that there is no correlation between the time alcohol is consumed and the presence of alcohol on the breath, and that a strong odor of alcohol does not indicate recent consumption."State v. Parks (Dec. 2, 1988), 11th Dist. No. 13-117. A DUI case from the Second District included the following comment: "To my knowledge, we have never had a case where there has been any evidence, expert or lay, linking the perceived odor of alcohol on a suspect's breath with the likelihood that the suspect will either be under the influence of alcohol or have a prohibited concentration of alcohol." State v.Stutsman, 2nd Dist. No. 02CA0001, 2002-Ohio-4340, ¶ 46 (concurring opinion). The instant case does not involve a DUI, but it involves similar concerns as to the time alcohol is consumed and the subsequent odor of alcohol on or about the person. In a case such as this, where the amount of time that an odor of alcohol can remain on a person's breath is a critical issue in dispute, the state needed to rely on more than an unsubstantiated judicial presumption to establish this fact.
 {¶ 21} The state was required to prove its case beyond a reasonable doubt. There is considerable doubt in this case concerning the odor that Sergeant DeVaul experienced. It is not clear whether it came from an earlier permissible drink of wine, from other open alcoholic beverage containers in the vehicle, from Appellant drinking *Page 10 
alcoholic beverages in the car, or from some other source. There is no proof that the odor even came from Appellant's breath. Although Appellant was clearly found in the vicinity of open containers of alcoholic beverages, no one testified that they saw her drinking from, or even holding one of the containers. The case hinges on the isolated statement that the officer noticed an odor of alcohol coming from her, and that was while she was sitting in a car that had a number of open bottles of alcohol in it along with four other people. While the officer may be credible, without more, this evidence is simply too tenuous to support a conviction for underage drinking. Because all the elements of the crime were not proven beyond a reasonable doubt, the record reflects that there is not sufficient evidence to support the conviction. The conviction is reversed and the charge dismissed.
 Vukovich, J., DeGenaro, P.J., concurs. *Page 1