OPINION
{¶ 1} Defendant-appellant, Michael Baldev, appeals his convictions in Butler County Court for assault, underage possession, and prohibited acts. For the reasons outlined below, we affirm in part, reverse in part, and remand to the trial court.
 {¶ 2} Appellant was involved in an altercation at a party in an apartment on October 26, 2003, in Oxford, Ohio. The altercation occurred when appellant and his roommate entered a party in an upstairs apartment after beer cans were dropped from that apartment, splashing beer onto appellant and his roommate while they were walking on the sidewalk below.
 {¶ 3} As the result of the altercation, appellant was charged with four counts of assault, aggravated trespass, underage possession, and the charge of prohibited acts for possessing a fictitious driver's license identification. Appellant's case was tried to a jury and he was found guilty of one count of assault, of underage possession, and prohibited acts. Appellant presents six assignments of error on appeal.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The trial court abused its discretion when it overruled the appellant's motion to dismiss the prohibited acts charge as untimely filed."
 {¶ 6} Crim.R. 12(D) states that all pretrial motions, with two exceptions not pertinent here, must be made within 35 days after arraignment or seven days before trial, whichever is earlier. The trial court may extend the time for making pretrial motions in the interest of justice. Crim.R. 12(D).
 {¶ 7} We overrule appellant's first assignment of error because the trial court did not abuse its discretion when it denied as untimely appellant's motion to dismiss that was filed the day of trial and well beyond 35 days after arraignment. See Akron v. Milewski (1985),21 Ohio App.3d 140, 142 (granting of untimely pretrial motion is within trial court's discretion); Crim.R. 12(D).
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "The trial court erred as a matter of law when it granted the state's motion in limine and ordered that counsel for appellant could not mention in the presence of the jury the fact that four of the state's witnesses had assault charges pending against them as a result of the incident which was the subject of the trial."
 {¶ 10} According to the record, the state filed a motion in limine, asking the trial court to prohibit appellant from asking specific witnesses about pending criminal charges. The trial court granted the motion in limine and instructed appellant's counsel before trial that he could not inquire about the assault charges pending against three of the state's witnesses. Appellant did not raise a further objection when each of those witnesses testified.
 {¶ 11} A motion in limine, if granted, "is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue." State v. Grubb (1986),28 Ohio St.3d 199, 201-203. The granting of a motion in limine, in and of itself, does not preserve the record on appeal. Id. An appellate court need not review the propriety of such an order unless the claimed error is preserved by a timely objection when the issue is actually reached at trial. Id. A failure to renew an objection to the trial court's ruling on the state's motion in limine waives any error except plain error. Statev. Krull, 154 Ohio App.3d 219, 2003-Ohio-4611, at ¶ 38; Evid.R. 103(A).
 {¶ 12} An alleged error does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Stojetz, 84 Ohio St.3d 452, 455, 1999-Ohio-464. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, 95. Accordingly, we review this assignment of error for plain error.
 {¶ 13} After reviewing the record before us, we cannot say that the trial court abused its discretion in its decision to limit cross-examination on this specific issue and, therefore, no plain error is found. See State v. Brinkley, 105 Ohio St.3d 231, 2005-Ohio-1507, at ¶ 109 (extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court).
 {¶ 14} Appellant's second assignment of error is overruled.
 {¶ 15} Assignment of Error No. 3:
 {¶ 16} "The misconduct of the prosecutor violated appellant's rights to a fair trial guaranteed by the due process provisions of article 1, section 16 of the ohio constitution and the fourteenth amendment to the united states constitution."
 {¶ 17} Appellant alleges that the prosecutor engaged in several instances of misconduct that prejudiced appellant's right to a fair trial. Many of the facts alleged to substantiate appellant's allegations of misconduct are not contained in the record and will not be considered by this court. We will address appellant's arguments of prosecutorial misconduct found in the record as they pertain to closing arguments because they are determinative of this assignment of error.
 {¶ 18} Appellant argues that the prosecutor engaged in prejudicial misconduct during closing argument when he repeatedly voiced opinions regarding the credibility of appellant and trial witnesses, and offered opinions concerning appellant's guilt or innocence.
 {¶ 19} The prosecution is normally entitled to a certain degree of latitude in its concluding remarks. State v. Smith (1984),14 Ohio St.3d 13. The test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. Id. at 14. The effect of any prosecutorial misconduct "must be considered in the light of the whole case." State v. Rahman (1986), 23 Ohio St.3d 146, 154.
 {¶ 20} It is improper for an attorney to express his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused. Smith at 14. It is improper for a prosecutor to state that the defendant is a liar or that he believes the defendant is lying. SeeRahman at 154 (comments improper, but not plain error, where appellant was labeled a "hypocrite" and "the biggest liar that's taken the stand in a long time").
 {¶ 21} The Rahman court noted a commentary from the American Bar Association that explained that expressions of personal opinion by the prosecutor are "a form of unsworn, unchecked testimony and tend to exploit the influence of the prosecutor's office and undermine the objective detachment that should separate a lawyer from the cause being argued." Id. at 154, fn. 8.
 {¶ 22} According to the transcript of testimony in the instant case, appellant's counsel voiced one objection during the prosecutor's closing argument, the substance of which was not transcribed. Therefore, we will review this assignment of error as if appellant's counsel failed to object to the prosecutor's comments that he now assigns as error.
 {¶ 23} We are mindful that a failure to object to alleged prosecutorial misconduct waives all but plain error. Rahman at 153-155. As we previously discussed, an alleged error does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. Stojetz, 84 Ohio St.3d at 455.
 {¶ 24} The following are excerpts of the pertinent comments made by the prosecutor in his approximately 13 pages of transcribed closing and rebuttal closing argument.
 {¶ 25} "Prosecutor: You will find that the majority of the State's witnesses were very consistent on the elements. The defense lies and inconsistencies all over the board. We will go one by one. * * *
 {¶ 26} "Prosecutor: * * * The black shirt was ripped down. That ladies and gentleman is a flat lie. You will see the shirt. * * * That is not an inconsistency. That is a lie. Flat out lie. The Judge will tell you that if you believe a witness to be lying, disregard their testimony. Actions speak louder than words and visuals are a lot more powerful than some guy six months later trying to protect his friend. * * *
 {¶ 27} "Prosecutor: * * * He admitted that Baldev took his coat off. We sure don't know when. That's . . . he caught that inconsistency. What I call a lie. * * * I say if someone barges into an apartment absolutely those actions are aggressive. * * *
 {¶ 28} "Prosecutor: * * * Let's explore the rest of the Defendant's lies on the stand. Number of cans that were thrown, we don't know. * * * The bottom line the lies equal guilty. You don't lie if you are innocent. The truth comes out. That's why the State's witnesses came up there and they were just telling the truth. * * *
 {¶ 29} "Prosecutor: * * * According to his [appellant's] testimony, I swung but I don't know who I hit. Are you going to believe someone who can't tell you what happened or the person with two front teeth missing. * * *
 {¶ 30} "Prosecutor: . . . the defense's lie . . . Why did the Defendant go looking for the trouble. How does he explain his lies."
In rebuttal closing argument, the following comments were made.
 {¶ 31} "Prosecutor: * * * you're going back there and you're going to hear things a little differently than the other jurors heard things and that doesn't make you a liar like he said, but you know what, Brad [defense witness] took the stand and lied. (INAUDIBLE) inconsistency, he lied. The Defendant took the stand and lied. It's easy to tell the truth. It flows out. Yeah, you might (INAUDIBLE) little things over six months different. That's a lie. The difference [sic] inconsistencies that are not even important to an element. It's actually pretty consistent with humanity. Getting up and lying about whether his shirt was ripped.
 {¶ 32} "Prosecutor: * * * Second question I wanted you to think about is how do you explain the lies. The door was open is not an inconsistency. That is a flat out lie.
 {¶ 33} "Prosecutor: * * * The answer is how do you explain the lie, the Defendant is guilty. Innocent people don't lie."
 {¶ 34} A review of the entire record makes clear that the conviction for assault hinged on the jury's determination of the credibility of each of the testifying witnesses, including appellant, who were present at or near the time of the altercation.
 {¶ 35} What is distressing to this court is that the closing arguments by the prosecutor did not reflect an isolated or occasional comment or slip of the tongue, but rather, represented a repeated interjection of his opinion concerning the credibility of appellant, his opinion about the credibility of witnesses, and his opinion of appellant's guilt, and those opinions undermined the fairness of the guilt determination process. See State v. Masing, Ottawa App. No. OT-01-022, 2002-Ohio-1873;State v. Keenan (1993), 66 Ohio St.3d 402, 406 (improper suggestions, insinuations and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none).
 {¶ 36} The state argues that its closing argument was no different than the closing of appellant's counsel, who pointed out inconsistencies in the testimony. We disagree with the state's assertions.
 {¶ 37} The state vouched for its witnesses by telling the jury that the state's witnesses "were just telling the truth." Conversely, the prosecutor repeatedly voiced his opinions about the lack of credibility of appellant and appellant's witnesses. A quick count of the excerpts printed here show that the state used the word "lies," or a derivative thereof approximately 19 times.
 {¶ 38} The prosecutor's closing arguments could not be excused as a mere comment or two predicated on the evidence. See State v. Stephens
(1970), 24 Ohio St.2d 76, 82-83. Rather, the prosecutor's closing arguments included repeated improper comments that amounted to prosecutorial misconduct that we find rises to the level of plain error.
 {¶ 39} The improper comments by the prosecutor were directed toward the assault charges against appellant and therefore, we sustain appellant's third assignment of error only as it pertains to the assault conviction.
 {¶ 40} Assignment of Error No. 4:
 {¶ 41} "The appellant's conviction of assault was against the manifest weight of the evidence."
 {¶ 42} Based upon our finding under appellant's third assignment of error, appellant's fourth assigned error is moot.
 {¶ 43} We now review appellant's fifth and sixth assignments of error. Based upon record before us, we are confident that the prosecutorial misconduct previously found with reference to the assault charge did not have an impact on the charges of prohibited acts and underage possession.
 {¶ 44} Assignment of Error No. 5:
 {¶ 45} "The defendant's conviction of prohibited acts was against the manifest weight of the evidence."
 {¶ 46} Appellant argues that he could not be convicted for prohibited acts because the card found in his possession was of such poor quality that it would not have been accepted as his driver's license.
 {¶ 47} The arresting police officer testified that appellant had the card in his possession and the card was admitted into evidence. The officer testified that the birth date on the card indicated that appellant was over 21 years of age. Both the arresting officer and appellant testified that the year of birth on the card was not appellant's birth date and appellant was under the age of 21 when the incident occurred.
 {¶ 48} After reviewing the record and exhibit, and after applying the applicable standard in reviewing this case, we do not find that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction for prohibited acts must be reversed and a new trial ordered. R.C. 4507.30; State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52; State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus. Appellant's fifth assignment of error is overruled.
 {¶ 49} Assignment of Error No. 6:
 {¶ 50} "The appellant's conviction of underage consumption of alcohol was against the manifest weight of the evidence."
 {¶ 51} Appellant argues under this assignment of error that he should not have been convicted of underage possession or consumption because he should not have been charged with the offense when other individuals at the scene of the altercation were also admittedly under age and had consumed alcohol.
 {¶ 52} Evidence was presented that appellant had consumed alcohol on the evening in question, that appellant was under the age of 21, and that appellant displayed glassy, bloodshot eyes, and had an odor of alcohol about him.
 {¶ 53} Reviewing the record in this case, we cannot say that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. R.C. 4301.69(E)(1); State v. Thompkins; c.f., State v. Freeman (1985),20 Ohio St.3d 55, 58 (fact that some individuals were prosecuted and others were not is insufficient to establish a defense of selective prosecution).
 {¶ 54} Appellant's sixth assignment of error is overruled.
 {¶ 55} Accordingly, we affirm appellant's convictions for prohibited acts and underage consumption. We reverse appellant's conviction for assault, vacate the assault conviction, and remand this case to the trial court for proceedings consistent with this opinion.
Walsh, P.J., and Young, J., concur.
Valen, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution. At the time this case was argued, Judge Valen was a duly elected judge of the Twelfth District Court of Appeals.