OPINION
{¶ 1} Defendant-appellant, Robert B. Smith, Jr., appeals from his conviction in the Butler County Court of Common Pleas for obstruction of justice.
 {¶ 2} The statute for the offense of obstruction of justice, as applicable here, states that no person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for a crime, shall communicate false information to any person. See R.C. 2921.32.
 {¶ 3} Appellant was charged in this case based upon allegations that when police *Page 2 
were attempting to ascertain the identity of one of his employees, appellant told police that his employee's last name was Williams when it was Martin, and told officers that this same employee had left shortly before the employee was found by police still inside the building. Authorities would later discover that there was a felony charge pending against the employee in another county.
 {¶ 4} Appellant's case was tried to a jury, which returned a guilty verdict. Appellant filed this appeal, presenting three assignments of error, which we will address out of sequence.
 {¶ 5} Appellant argues under his third assignment of error that his conviction should be overturned because the prosecutor committed misconduct in closing arguments.
 {¶ 6} When reviewing the statements a prosecutor makes during closing argument for prosecutorial misconduct, prosecutors are given a certain degree of latitude in summation. State v. Smith (1984),14 Ohio St.3d 13; State v. Robinson, Jefferson App. No. 05 JE 8, 2007-Ohio-3501, ¶ 80.
 {¶ 7} A prosecutor may comment upon the testimony and suggest the conclusions to be drawn from it, but a prosecutor cannot express his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused, or go beyond the evidence which is before the jury when arguing for a conviction. Smith at 14 (prosecutor's duty in closing arguments is to avoid efforts to obtain a conviction by going beyond the evidence that is before the jury).
 {¶ 8} The test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether the remarks prejudicially affected substantial rights of the defendant. State v.Elmore, 111 Ohio St.3d 515, 2006-Ohio-6207, ¶ 62.
 {¶ 9} The state's closing argument is reviewed in its entirety to determine whether the allegedly improper remarks were prejudicial.State v. Treesh, 90 Ohio St.3d 460, 466, 2001-Ohio-4. *Page 3 
We will not deem a trial unfair if, in the context of the entire trial, it appears beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments. Smith at 15.
 {¶ 10} A review of the record in the case at bar indicates that appellant testified at trial that he worked for his mother-in-law at her small used car business, Let's Make a Deal. Appellant indicated that they may sell four or fewer cars a month. Appellant testified that he did not communicate false information about the employee's last name to hinder police because the employee provided the name of Williams and produced an Ohio identification card with the same name. In addition, appellant testified that he believed the employee left the office area before police attempted to enter the building and did not know the employee had reentered the building. Appellant admitted that he had two previous drug "cases," on his record, including a recent case in Florida.
 {¶ 11} Appellant's trial counsel told the jury in his closing remarks that appellant admitted that the car business was not lucrative, but he believed the prosecutor's cross-examination on that subject was "haught[y]." Appellant's counsel also told the jury about his experience as a youth working to overcome a regional accent so that he could be understood by others. The statements were made to support trial counsel's argument that appellant's diction may have been difficult to understand and, due to his level of education, he might have been confused by or slow to respond to the prosecutor's questions.
 {¶ 12} The prosecutor in final or rebuttal closing argument told the jury that he would also "share with you a little about [my upbringing], okay." "I grew up and my dad, the entire span of my life growing up was a used car salesman, okay. He worked on these little [car] lots like Let's Make a Deal all the time. And they were called hot lots. That's what he called them and they had nothing to do with cars they were selling because my dad also struggled with drugs and still does to this day in Florida of all places. These little lots are not *Page 4 
businesses. They are fronts. And so you get a little piece of blacktop and you throw a bunch of cruddy cars out there and you may sell one or two, but that's not really your business. Let's Make a Deal is not a bad car business. It's a good front."
 {¶ 13} Appellant's counsel objected and at a conference at the bench, the trial court stated to the prosecutor, "You're putting yourself on a slippery slope [toward misconduct] calling it a front," and instructed the prosecutor to "not go any further than that." No instruction was given to the jury at that time.
 {¶ 14} The prosecution argues that even if the comments by the prosecutor were an improper introduction of matters outside the record, they were brief, made in response to defense arguments, and did not result in prejudice to appellant. We disagree.
 {¶ 15} For the offense of obstruction of justice, the jury was charged with the responsibility of determining appellant's purpose when he provided the information to police, his knowledge of the facts or a mistake in facts, and his credibility when he testified on his own behalf.
 {¶ 16} We see in the record no evidence or defense argument justifying the prosecutor's remarks that appellant's car business was a "front," after implicating these types of businesses as fronts for illegal activity.
 {¶ 17} The prosecutor's comments went beyond the evidence to improperly introduce an element of additional wrongdoing in a case in which appellant's purpose for providing the information to police, and his credibility in his denial of culpability were essential to a determination of guilt.
 {¶ 18} We note that the trial court instructed the jury that arguments of counsel are not evidence, but no curative instruction was requested or given immediately after the prosecutor's comments were made, and in fact, the prosecutor continued with his closing as provided in several additional pages of transcript. See State v. Smith, 14 Ohio St.3d at 15 *Page 5 
(where improper insinuations and assertions of personal knowledge by prosecution are apt to carry great weight against the accused when they should properly carry none, some more definite guidance in the form of specific, curative instructions from the court was required).
 {¶ 19} We have reviewed the record before us and find that the prosecutor's remarks were improper and prejudicially affected the substantial rights of the defendant. Appellant's third assignment of error is sustained.
 {¶ 20} Appellant argues under his second assignment of error that his conviction should be overturned because his trial counsel was ineffective for failing to file a motion to suppress evidence and for failing to request a curative instruction or move for a mistrial following prosecutorial misconduct in closing arguments.
 {¶ 21} In Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, the United States Supreme Court established a two-prong test in addressing a claim of ineffective assistance of counsel wherein a defendant must show that counsel's performance was deficient and that such deficient performance resulted in prejudice.
 {¶ 22} We have already established that the prosecutor's remarks in closing argument were improper and prejudiced appellant. Appellant's trial counsel objected to the comments and counsel and the trial court discussed the issues at a sidebar conference. However, appellant's counsel did not request an immediate curative instruction to the jury or make a motion for a mistrial. The comments, therefore, were left unchallenged before the jury. We find that the performance of appellant's trial counsel was deficient and that performance resulted in prejudice to appellant.
 {¶ 23} Appellant argues that his trial counsel should have filed a motion to suppress evidence of the seizure of the employee at the office because police searched the office in violation of appellant's constitutional rights. Appellant's assertion is without merit.
 {¶ 24} It is easy for a defendant to second-guess his counsel after conviction and for a *Page 6 
court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. State v. Griffin, Cuyahoga App. No. 82979, 2004-Ohio-2155, ¶ 8, citing Strickland. However, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.Strickland at 689.
 {¶ 25} The failure to file a suppression motion does not constitute per se ineffective assistance of counsel. State v. Adams,103 Ohio St.3d 508, 2004-Ohio-5845, ¶ 31. "Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." Id., citing Strickland at 693.
 {¶ 26} We see nothing in the record to indicate that trial counsel's decision was anything other than trial strategy, particularly considering the emphasis by appellant's counsel on the assertions that appellant permitted police to enter the building, cooperated with police when he understood their purpose in entering the building, and had nothing to hide.
 {¶ 27} Accordingly, appellant's second assignment of error is sustained in part and overruled in part.
 {¶ 28} Appellant argues under his first assignment of error that the evidence was insufficient to sustain the guilty verdict and the verdict was against the manifest weight of the evidence.
 {¶ 29} Based upon our decision to sustain appellant's third assignment of error, appellant's first assignment of error is rendered moot.
 {¶ 30} Judgment reversed and remanded to the trial court for further proceedings consistent with law and this opinion.
YOUNG, P.J., and POWELL, J., concur.