OPINION
{¶ 1} Defendant-appellant, Kelly Murphy, appeals a decision of the Butler County Court of Common Pleas convicting him of felonious assault. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On the evening of July 15, 2006, appellant attended an annual event at an Oxford conservation club along with a group of people including his girlfriend, Heather Duff, and Heather's uncle, Steven Clear. Each of them consumed alcohol at the event. The group *Page 2 
went to Clear's residence in Hamilton after the event. There, appellant and Heather began arguing because appellant wanted to leave and Heather wanted to stay. Clear called the police, who responded to the scene but left after being told things had calmed down.
 {¶ 3} Soon after the police left, appellant and Heather resumed arguing and Clear instructed his son to call the police again. Appellant and Clear then engaged in a physical altercation in the back yard. During the altercation, Clear's left ear was partially severed from his head. Appellant admits to punching Clear three times in the head, but denies biting off Clear's ear. Clear sought medical attention at a hospital and received stitches after the ear was not able to be reattached.
 {¶ 4} Appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony. Following a jury trial in January 2007, appellant was found guilty and sentenced to five years in prison. This appeal followed. Appellant raises four assignments of error, which we will address out of sequence to facilitate analysis.
 {¶ 5} Assignment of Error No. 2:
 {¶ 6} "THIS TRIAL WAS FATALLY FLAWED DUE TO REPEATED EXAMPLES OF IMPROPER ARGUMENT BY THE PROSECUTOR."
 {¶ 7} Appellant alleges that the assistant prosecutor engaged in misconduct sufficient to warrant reversal of his conviction. Appellant argues that the assistant prosecutor distorted the jury process and the burden of proof, misstated the presumption of innocence, injected himself personally into the case, improperly defined circumstantial evidence, solicited a commitment to convict from the jury, made inflammatory remarks during opening and closing arguments, and attacked defense counsel's integrity.
 {¶ 8} Initially, we observe that appellant failed to raise any objections at trial regarding prosecutorial misconduct. Therefore, these arguments have been forfeited unless we find plain error. See Crim. R. 52(B). Plain error exists where there is an obvious deviation from a *Page 3 
legal rule which affected the defendant's substantial rights, or influenced the outcome of the proceeding. State v. Barnes,94 Ohio St.3d 21, 27, 2002-Ohio-68. The burden is on the defendant to show a violation of his substantial rights. State v. Perry, 101 Ohio St.3d 118,2004-Ohio-297, ¶ 14. Notice of plain error is taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Landrum (1990), 53 Ohio St.3d 107, 111.
 {¶ 9} In order to establish that a conviction must be reversed based upon prosecutorial misconduct, a defendant must prove that the prosecutor's comments were improper and, if so, that they prejudicially affected the defendant's substantial rights. State v. Elmore,111 Ohio St.3d 515, 2006-Ohio-6207, ¶ 62. The focus of an inquiry into allegations of prosecutorial misconduct is upon the fairness of the trial, not upon culpability of the prosecutor. State v. Hill,75 Ohio St.3d 195, 203, 1996-Ohio-222, quoting Smith v. Phillips (1982),455 U.S. 209, 219, 102 S.Ct. 940. The Ohio Supreme Court has held that prosecutorial misconduct is not grounds for error unless the defendant has been denied a fair trial. State v. Maurer (1984), 15 Ohio St.3d 239,266.
 {¶ 10} After reviewing the record, we find no error on the basis of prosecutorial misconduct. Appellant repeatedly cites excerpts from the transcript and takes them out of context in order to support his allegations of prosecutorial misconduct. When read in context, it becomes clear that the assistant prosecutor's comments properly portrayed the law and did not amount to misconduct.
 {¶ 11} We also find that appellant was not denied a fair trial based upon any of the comments made by the assistant prosecutor. The record contains ample evidence in support of appellant's conviction independent of any remarks made by the assistant prosecutor. Clear testified that he believed appellant bit off his ear. He discovered blood running down his neck immediately after the altercation with appellant. Clear's son recovered the severed portion of *Page 4 
the ear from the patio, which was in the vicinity of the altercation. The altercation reportedly lasted about seven to ten seconds. Clear did not have time to react to the blows, other than bending forward at the waist. According to the testimony, the two men did not engage in any rough tumbling around the yard.
 {¶ 12} Heather Duff, who testified for the defense, admitted that Clear's ear was uninjured immediately prior to the fight and injured immediately after the fight. Clear's son Todd also testified that Clear was bleeding profusely from the head immediately following the altercation. Todd testified that he found the ear about three feet from the spot where the altercation occurred in the direction that appellant exited the back yard. Although none of the witnesses actually saw appellant bite Clear's ear, Todd testified that appellant got Clear in a headlock and the two men were bent forward. Such a position likely obstructed a clear view of the two men, so the fact that none of the witnesses actually saw appellant bite Clear's ear is not dispositive of the matter. As the standard jury instruction on causation states, appellant was responsible for the natural and foreseeable consequences of his conduct.
 {¶ 13} We also note that it is well-settled that a jury is free to believe or disbelieve all, part, or none of the testimony of any witness since the jury is in a much better position than a reviewing court to view the witnesses, observe their demeanor, and assess their credibility. State v. Nichols (1993), 85 Ohio App.3d 65, 76. Here, the jury obviously found Clear to be more credible and chose to believe his version of events rather than appellant's proffered version of events. It is not for this court to second-guess the jury's assessment.
 {¶ 14} Due to the amount of evidence in favor of appellant's guilt, it does not appear that the outcome of the trial would have been different absent the assistant prosecutor's statements. Barnes,94 Ohio St.3d at 27. Because there was no error in the assistant prosecutor's statements, there was no plain error.
 {¶ 15} Appellant's second assignment of error is overruled. *Page 5 
 {¶ 16} Assignment of Error No. 3:
 {¶ 17} "THE TRIAL COURT COMMITTED STRUCTURAL ERROR IN PRELIMINARY INSTRUCTIONS TO THE JURY."
 {¶ 18} Appellant maintains that the trial court improperly referred to jury deliberations as a "group decision making process" during preliminary voir dire instructions. Such a reference, argues appellant, is erroneous because each juror must individually decide the case beyond a reasonable doubt. Because appellant failed to contemporaneously object, any error is waived unless it rises to the level of plain error.
 {¶ 19} The challenged instruction stated as follows:
 {¶ 20} "You must decide this case based solely on the evidence produced at trial. And you must decide this case only after discussion with your fellow jurors and after fair and complete consideration of the views of all jurors. This is a careful and a deliberate process. Do any of you believe you cannot or will not participate in a group decision-making process of this sort?"
 {¶ 21} It does not appear that such an instruction affected appellant's substantial rights or influenced the outcome of the proceeding. Immediately prior to deliberations, the trial judge advised the jury of the following:
 {¶ 22} "Consult with one another, consider each other's views and deliberate with the objective of reaching an agreement if you can do so without disturbing your individual judgment. Each of you must decide this case for yourself, but you should do so only after a discussion and consideration of the case with your fellow jurors. * * * However, you should not surrender honest convictions in order to be congenial or to reach a verdict solely because of the opinion of other jurors."
 {¶ 23} Such an instruction informed the jury of the collaborative nature of jury deliberations while emphasizing the necessity for each juror to arrive at an individual decision *Page 6 
on the matter. Thus, the jurors were correctly advised to deliberate the case while making their own individual determinations as to appellant's guilt. We find that the trial court's reference to a "group decision making process" during preliminary jury instructions did not amount to plain error.
 {¶ 24} Appellant's third assignment of error is overruled.
 {¶ 25} Assignment of Error No. 4:
 {¶ 26} "THE TRIAL COURT PERMITTED IMPROPER EVIDENCE TO GO TO THE JURY."
 {¶ 27} Appellant insists that the trial court improperly permitted the admission of certain evidence including a medical document which he classifies as hearsay and testimony which he classifies as expert testimony given by a nonexpert witness. Again, we conduct a plain error analysis due to appellant's failure to object to the admission of this evidence at trial.
 {¶ 28} The medical document admitted into evidence was an emergency room discharge form which listed Clear's prescription information and instructed him on follow-up care. The form also contained the statement, "[y]ou have been diagnosed with human bite to left ear." Although this purported "diagnosis" may have been hearsay, we find that appellant failed to fulfill his burden to show that the outcome of the trial clearly would have been different absent the inclusion of this document.Barnes at 27. As the Ohio Supreme Court has observed:
 {¶ 29} "Where evidence has been improperly admitted in derogation of a criminal defendant's constitutional rights, the admission is harmless `beyond a reasonable doubt' if the remaining evidence alone comprises `overwhelming' proof of defendant's guilt." State v. Williams (1983),6 Ohio St.3d 281, 290, citing Harrington v. California (1969),395 U.S. 250, 254, 89 S.Ct. 1726.
 {¶ 30} In view of the ample evidence in support of appellant's guilt as discussed under *Page 7 
the second assignment of error, we cannot assuredly say that appellant would not have been convicted had the discharge form been excluded.State v. Barney (June 7, 1999), Meigs App. No. 97CA12, 1999 WL 378755 at *6. We therefore find no plain error in the inclusion of this evidence.
 {¶ 31} The alleged expert testimony by a nonexpert witness consisted of statements made at trial by Gail Duff, Clear's sister. Gail testified that she was employed as a nurse and had held that occupation for 37 years. She also testified that there were bite marks on Clear's ear after the altercation. Even so, the state did not profess to present Gail as an expert witness. Rather, Gail's testimony involved her observations upon arriving at the scene of the fight and viewing her brother's injured ear. Such statements amounted to opinion by a lay witness based upon personal observations, and were admissible under Evid. R. 701 to assist the jury in determining a factual issue. State v.Krull, 154 Ohio App.3d 219, 2003-Ohio-4611, ¶ 29. The inclusion of this testimony was therefore not error.
 {¶ 32} Appellant's fourth assignment of error is overruled.
 {¶ 33} Assignment of Error No. 1:
 {¶ 34} "THIS CAUSE SHOULD BE REVERSED AND REMANDED FOR INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 35} Appellant claims that he was prejudiced by defense counsel's ineffective performance during trial. To establish ineffective assistance, appellant must show that counsel's actions fell below an objective standard of reasonableness and that he was prejudiced as a result. Strickland v. Washington (1984), 466 U.S. 668, 687-88, 693,104 S.Ct. 2052. Prejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id. at 694.
 {¶ 36} Because we have found appellant's second, third, and fourth assignments of error to be without merit, his claims of ineffective assistance based thereupon are equally *Page 8 
meritless. Specifically, appellant's arguments that defense counsel was ineffective for failing to object to the prosecutor's statements, the preliminary instruction about jury deliberations, the hospital discharge form, and Gail Duff's testimony are rejected based upon our prior analyses of these issues.
 {¶ 37} Appellant also argues that defense counsel was ineffective for stipulating to the serious physical harm element of the offense. R.C. 2903.11(A)(1), the felonious assault statute, makes it a crime to for a person to knowingly cause serious physical harm to another person. Appellant argues that the stipulation was tantamount to a guilty finding. However, the state of Clear's mangled ear was obvious. To deny that Clear suffered serious physical harm would have been a foolish undertaking. The stipulation acknowledged this and served as a means to minimize the impact of the grisly ear injury upon the jury by drawing attention away from the serious physical harm and highlighting other issues.
 {¶ 38} A strong presumption exists that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance.State v. Bradley (1989), 42 Ohio St.3d 136, 142, citingStrickland at 689. We therefore decline to second-guess defense counsel's strategy in agreeing to the stipulation and find that counsel was not ineffective for engaging this trial tactic. See State v.Leonard, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 146. We also observe that the jury still had to find that the state met its burden of proof on the two other elements of the offense, knowledge and causation, so the stipulation was not tantamount to a guilty finding as appellant argues.
 {¶ 39} Appellant's final argument is that defense counsel was ineffective for failing to submit a written request for a lesser included offense jury instruction. Defense counsel orally requested a lesser included offense instruction of simple assault. Nothing in the record indicates that the trial court denied appellant's request because it was not in writing. Furthermore, the plain language of Crim. R. 30(A) does not require trial counsel to put *Page 9 
requested jury instructions into writing. Rather, Crim. R. 30(A) provides that trial counsel may file written requests and the trial court's final instructions must be reduced to writing or recorded. We therefore find that defense counsel was not ineffective for failing to put the requested lesser included offense instruction into writing.
 {¶ 40} Appellant's first assignment of error is overruled.
 {¶ 41} To the extent that appellant has raised any other arguments, we have considered them and find them to be without merit.
 {¶ 42} Judgment affirmed.
 YOUNG, P.J., and POWELL, J., concur. *Page 1