OPINION
{¶ 1} Appellant, David Paul Stone, appeals his conviction in the Warren County Court of Common Pleas for trafficking in marijuana, possession of marijuana, and conspiracy. We affirm the decision of the trial court.
 {¶ 2} Appellant, an Arizona resident in need of money after a downturn in the real estate market, decided to enter the drug trafficking business. In order to begin his new venture, appellant contacted Richard Shayka and Jason Crouch, who he knew made their living by smuggling drugs across the country. Appellant, Shayka and Crouch agreed to set *Page 2 
up a deal and to split the profits from the sale of nearly 200 pounds of marijuana.
 {¶ 3} As per their agreement, appellant (i.e. the "money man") gave Shayka $30,000 to purchase the marijuana. After Shayka purchased the marijuana, Crouch packaged the drugs and found a driver to transport them to Ohio. However, the driver, unbeknownst to Crouch, was a confidential informant working with the Drug Enforcement Administration (DEA).
 {¶ 4} Prior to transporting the drugs, appellant and Crouch obtained a vehicle from the informant, purchased duffle bags to carry the drugs, loaded the informant's vehicle with the marijuana, and subsequently returned the vehicle to the informant for transport to Ohio. However, instead of driving to Ohio, the informant gave the vehicle to the DEA who contacted the Warren County Drug Task Force to set up an exchange. Later that week, appellant rented a mini-van and the three men set off on a cross-country trip in order to "finish the transaction."
 {¶ 5} A few days after arriving in Ohio, the group received a phone call indicating that the marijuana had arrived and was ready to for pick up in a vehicle parked at a Warren County restaurant. After the group arrived at the restaurant, Crouch volunteered to drive the vehicle containing the marijuana.
 {¶ 6} Crouch drove the vehicle out of the parking lot and onto Interstate 75. However, as soon as Crouch merged onto the interstate, a police cruiser came up behind him and turned on its lights. Crouch, knowing that they had been set up, did not pull over but was eventually caught when he attempted to flee on foot after he crashed into a tree. Crouch implicated appellant in the drug trafficking scheme.
 {¶ 7} Appellant was arrested and charged with trafficking in marijuana, possession of marijuana, and conspiracy. A jury found appellant guilty on all three counts. Appellantappeals his conviction, raising three assignments of error. For ease of discussion, *Page 3 
appellant's first and second assignments of error will be addressed together.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "APPELLANT'S CONVICTIONS, IN THE ABSENCE OF THE STATE'S PRESENTATION OF EVIDENCE PROVING VENUE BEYOND A REASONABLE DOUBT, CONSTITUTE PLAIN ERROR."
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "APPELLANT'S CONVICTIONS WERE CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} In his first and second assignments of error, appellant essential argues that the state provided insufficient evidence to prove Warren County was a proper venue, and that his conviction was against the manifest weight of the evidence to support a conviction in Warren County. These arguments lack merit.
 {¶ 13} The legal concepts of sufficiency of the evidence and weight of the evidence are "both quantitatively and qualitatively different."State v. Carroll, Clermont App. Nos. 2007-02-30, 2007-03-41,2007-Ohio-7075, ¶ 117, citing State v. Thompkins, 78 Ohio St.3d 380,386, 1997-Ohio-52. Whether the evidence presented is legally sufficient to sustain a verdict is a question of law. Thompkins at 386. An appellate court, in reviewing the sufficiency of the evidence supporting a criminal conviction, examines the evidence in order to determine whether such evidence, if believed, would support a conviction.Carroll at ¶ 117. After examining the evidence, in a light most favorable to the prosecution, the appellate court must determine if "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. Proof beyond a reasonable doubt is "proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs." R.C. 2901.05(D).
 {¶ 14} Unlike a sufficiency of the evidence challenge, a manifest weight challenge *Page 4 
concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. Carroll at ¶ 118. An appellate court considering whether a conviction was against the manifest weight of the evidence must review the entire record, weighing the evidence and all reasonable inferences, and consider the credibility of witnesses. State v. Good, Butler App. No. CA2007-03-082, 2008-Ohio-4502, ¶ 25, citing State v. Hancock,108 Ohio St.3d 57, 2006-Ohio-160, ¶ 39. Under a manifest weight challenge, the question is whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Good at ¶ 25.
 {¶ 15} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v.Wilson, Warren App. No. CA2006-01-007, 2007-Ohio-2298, ¶ 35. As a result, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. Id.
 {¶ 16} "`Venue' commonly refers to the appropriate place of trial for a criminal prosecution within a state." State v. Meridy, Clermont App. No. CA2003-11-091, 2005-Ohio-241, ¶ 12, quoting State v. Williams
(1988), 53 Ohio App.3d 1, 5. The importance of venue is to give the defendant the right to be tried in the vicinity of his alleged criminal activity. Meridy at ¶ 12. The standard to establish venue is whether appellant has a "significant nexus" with the county where the trial was held. Id. at ¶ 22, quoting State v. Hackworth (1992),80 Ohio App.3d 362, 365-366. As a result, and pursuant to R.C. 2901.12(A), "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."
 {¶ 17} Venue is not a material element of any offense charged.Meridy at ¶ 12. However, the prosecution must prove beyond a reasonable doubt that the crime charged was *Page 5 
committed in the county where the indictment was returned and the trial held, unless the issue of venue is waived by the defendant. Id.;State v. McCartney (1988), 55 Ohio App.3d 170. "[A] defendant waives the right to challenge venue when the issue is raised for the first time on appeal." State v. Harshaw, Franklin App. No. 05AP-702, 2006-Ohio3907, ¶ 4.
 {¶ 18} In this case, appellant failed to challenge Warren County as a proper venue at trial. In turn, because appellant raises the issue for the first time on appeal, he has waived any challenge except for plain error.
 {¶ 19} A plain error is any error or defect "affecting substantial rights [that] may be noticed although they were not brought to the attention of the court." Crim. R. 52(B). "Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Baldev, Butler App. No. CA2004-05-106, 2005-Ohio-2369, ¶ 12, citing State v. Long (1978), 53 Ohio St.2d 91, 95. Accordingly, an error does not rise to the level of a plain error unless, but for the error, the outcome of the trial would have been different. Baldev at ¶ 12; State v. Krull,154 Ohio App.3d 219, 2003-Ohio-4611, at ¶ 38.
 {¶ 20} Appellant argues that the state failed to prove venue beyond a reasonable doubt because it failed to demonstrate a "significant nexus" between the elements of the crimes and Warren County, the venue where this case was tried. Specifically, appellant argues, based on the evidence provided, that "this case should have been tried in Arizona, not in [Warren County,] Ohio, as Arizona would be the proper venue for the case." We disagree.
 {¶ 21} At trial, the state provided ample evidence highlighting appellant's role and participation in a plan to transport and distribute drugs throughout Ohio, which also indicated that at least some of appellant's illegal conduct occurred in Warren County. This evidence included: (1) testimony that appellant helped purchase supplies and paid a portion of the *Page 6 
driver's fee to transport the marijuana to Warren County; (2) the marijuana was to be delivered to a Middletown restaurant, located in Warren County; (3) appellant traveled to the Warren County restaurant to pick up the marijuana with Shayka and Crouch; (4) appellant agreed to sell marijuana to a buyer in Springboro, also located in Warren County; and (5) the DEA informed Warren County Drug Task Force about the delivery, which prompted them to assist in the controlled exchange, a high speed chase, and the arrest of one of appellant's co-conspirators.
 {¶ 22} Based on the evidence presented, we cannot say that the jury clearly lost its way in finding Warren County as an appropriate venue. Accordingly, because appellant's conviction, including venue, is not against the manifest weight of the evidence, appellant has not established error. Therefore, appellant's first and second assignments of error are overruled.
 {¶ 23} Assignment of Error No. 3:
 {¶ 24} "THE TRIAL COURT ERRED IN DENYING MR. STONE'S MOTIONS FOR MISTRIAL BECAUSE OF IMPROPER COMMENTS BY THE PROSECUTOR DURING CLOSING ARGUMENT AND THUS DEPRIVED MR. STONE OF HIS RIGHT TO A FAIR TRIAL."
 {¶ 25} In his third assignment of error, appellant argues that the trial court erred by denying his motion for a new trial because the prosecutor made statements during closing argument that "prejudicially affected [his] substantial rights." This argument lacks merit.
 {¶ 26} A new trial may be granted when the misconduct of the prosecuting attorney materially affected the defendant's substantial rights. Crim. R. 33(A)(2). However, a motion for a new trial pursuant to Crim. R. 33 will not be disturbed on appeal absent an abuse of discretion. State v. Hall, Madison App. No. CA2007-02-005,2008-Ohio-1889, ¶ 81. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable *Page 7 
manner. State v. Roten, 149 Ohio App.3d 182, 2002-Ohio-4488, ¶ 5.
 {¶ 27} The prosecution is normally entitled to a degree of latitude in its closing remarks. State v. Smith (1984), 14 Ohio St.3d 13, 13. "A prosecutor may comment upon the testimony and suggest the conclusions to be drawn from it, but a prosecutor cannot express his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused, or go beyond the evidence which is before the jury when arguing for conviction." State v. Smith, Butler App. No. CA2007-05-133,2008-Ohio-2499, ¶ 7. Prosecutorial misconduct will only be found when remarks made during closing argument were improper and those improper remarks prejudicially affected substantial rights of the defendant.State v. Elmore, 111 Ohio St.3d 515, 2006-Ohio-6207, ¶ 62. In order to determine whether the remarks were prejudicial, the prosecutor's closing argument is reviewed in its entirety. State v. Treesh,90 Ohio St.3d 460, 466, 2001-Ohio-4.
 {¶ 28} The Ohio Supreme Court has held that prosecutorial misconduct is not grounds for reversal unless the defendant has been denied a fair trial because of the prosecutor's prejudicial remarks. State v.Murphy, Butler App. No. CA2007-03-073, 2008-Ohio-3382, ¶ 9, citingState v. Maurer (1984), 15 Ohio St.3d 239, 266. "We will not deem a trial unfair if, in the context of the entire trial, it appears beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments." Smith, 2008-Ohio-2499 at ¶ 9.
 {¶ 29} First, appellant argues that the trial court erred in denying him a new trial when the prosecutor requested the jury "not to fall into * * * the CSI trap."[1] We disagree. *Page 8 
 {¶ 30} In this case, appellant indicated during his closing argument that the absence of any fingerprints was crucial to finding appellant not guilty. By making this comment, appellant opened the door to a response by the prosecution. When the prosecutor made the disputed "CSI" statement, he was merely rebutting appellant's argument. As the trial court stated, "[i]t was argument in response to the defense argument that the lack of fingerprints here is crucial to the finding of not guilty and therefore I think it's fair game to respond." The trial court also noted that "the jury is sophisticated enough to realize that television is certainly not reality * * *." In ruling to deny the motion for a new trial, the trial court determined that even though the prosecution "was ill advised to make the statement, it certainly doesn't rise to the level of a mistrial." We find no error in the trial court's decision.
 {¶ 31} Second, appellant argues that the trial court erred in denying him a new trial when the prosecutor "likened [appellant] to the famous mafia don John Gotti, suggesting* * * [that he] should be convicted on the testimony of someone who received a plea deal."[2] This argument lacks merit.
 {¶ 32} Here, the trial court immediately sustained appellant's objection after the prosecutor mentioned the name "Gotti" during his closing argument. Afterward, during a side bar meeting, the trial court offered to administer a curative instruction to the jury. However, appellant declined the court's offer because, as he claimed at trial, the statement was "so egregious that no * * * instruction had the ability of curing that." The trial court found that the jury "did not react visibly in any way to that statement," and that they were "intelligent enough to comply with and follow" the court's instruction not to use any statement that was sustained *Page 9 
following an objection. We find no error in the trial court's conclusion.
 {¶ 33} In light of the foregoing, we find that the trial court did not err in denying appellant's motion for a new trial. Appellant's third assignment of error is overruled.
 {¶ 34} Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] {¶ a) The full statement that appellant objects to is as follows:
{¶ b} "I think this will be the last thing that I address, but defense counsel has already made some noise about well, where are the fingerprints, where are the fingerprints and this is a common trap and I am asking you not to fall into this trap, the CSI trap. Before that silly show, people were convicted on * * * good old fashion police work."
{¶ c} The prosecutor then explained that there were no fingerprints because the Warren County Drug Task Force did not fingerprint the bails of marijuana because "it's not the norm to have this amount of drugs printed * * * [and] [n]ormally nothing comes of it."
[2] {¶ a} The full statement that appellant objects to is as follows:
{¶ b} "Do you think this is a first co-defendant who ever got a deal in the United States history of criminal justice and this is some, oh my God, big thing? Did you ever hear of Gotti, how was he convicted?" *Page 1