[Cite as *State v. McCollum*, 2015-Ohio-3286.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                       :

        Plaintiff-Appellee,          :

                           :

   - vs -                            :

                           :

THOMAS J. McCOLLUM,          :

        Defendant-Appellant.       :

CASE NO. CA2014-11-077

O P I N I O N
8/17/2015

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013CR00641

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Michael K. Allen & Associates, LLC, Joshua A. Engel, 5181 Natorp Boulevard, Suite 210, Mason, Ohio 45040, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Thomas McCollum, appeals his conviction in the Clermont County Court of Common Pleas for receiving stolen property.

{¶ 2} Debra Irvin is an avid collector of gemstones and gold jewelry which she kept at her home. In 2013, Irvin lived with her former husband at 3517 Clover Road in Bethel, Ohio. Appellant is the son of Irvin's former husband. For financial reasons, appellant, his wife, and

their two children lived with Irvin and her former husband between Christmas 2012 and August 2013. During that time, between May and August 2013, Irvin stayed at her parents' home in Hamersville, Ohio to care for a relative. Before she left for her parents' house, Irvin put her jewelry and her smaller collection of rare gemstones in a box and directed appellant to store the box in an upstairs closet. In August 2013, Irvin went to a pawn shop to retrieve a ring she had pawned. While there, she discovered that the shop had several pieces of her jewelry which had been pawned by appellant.

{¶ 3} On October 22, 2013, appellant was indicted by the Clermont County Grand Jury on one count of theft and one count of receiving stolen property. The state alleged that between June 1, 2013, and August 23, 2013, appellant stole several of Irvin's pieces of gold jewelry, many of which had gemstones, which he then pawned at four different pawn shops without Irvin's permission. A jury trial was held in May 2014. On May 7, 2014, the jury found appellant guilty of receiving stolen property but acquitted him of theft. Appellant was subsequently sentenced to 18 months in prison and ordered to pay Irvin $5,500 in restitution.

{¶ 4} Appellant appeals, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE FAILURE OF THE STATE TO PRESENT SUFFICIENT EVIDENCE TO PROVE VENUE CONSTITUTES PLAIN ERROR.

{¶ 7} Appellant argues the trial court erred in denying his Crim.R. 29 motion because venue was not proven. Specifically, appellant argues the state failed to prove beyond a reasonable doubt that the stolen property was taken or received by appellant in Clermont County.

{¶ 8} Venue commonly refers to the appropriate place of trial for a criminal prosecution within a state. *State v. Stone*, 12th Dist. Warren No. CA2007-11-132, 2008-Ohio-5671, ¶ 16. The purpose of the venue requirement is to give the defendant the right to

be tried in the vicinity of his alleged criminal activity. *Id.* Venue is not a material element of any offense charged. *Id.* at ¶ 17. Nevertheless, venue is a fact that the state must prove beyond a reasonable doubt. *Id.* When the state fails to prove venue with respect to a charged criminal offense, the defendant is entitled to be discharged from that offense. *State v. Lahmann*, 12th Dist. Butler No. CA2006-03-058, 2007-Ohio-1795, ¶19.

{¶ 9} "Trial courts have broad discretion to determine the facts that would establish venue." *Id.* at ¶ 18. Venue need not be proven in express terms; it may be established either directly or indirectly by all the facts and circumstances of the case. *Id.*, citing *State v. Headley*, 6 Ohio St.3d 475 (1983).

{¶ 10} A defendant waives the right to challenge venue when the issue is raised for the first time on appeal. *State v. Mielke*, 12th Dist. Warren No. CA2012-08-079, 2013-Ohio-1612, ¶ 15. In the case at bar, appellant made a Crim.R. 29 motion for acquittal at the close of the state's case, arguing there was insufficient evidence to convict him of theft and receiving stolen property. However, appellant did not make any objection in his Crim.R. 29 motion with regard to venue.[1] As a result, because appellant raises the issue for the first time on appeal, he has waived any challenge to venue but for plain error. *Id.* at ¶ 16.

{¶ 11} A plain error is any error or defect "affecting substantial rights [that] may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *Stone*, 2008-Ohio-5671 at ¶ 19; *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. Accordingly, an error does not rise to the level of a plain error unless, but for the error, the outcome of the trial would

---

1. During closing arguments, appellant's trial counsel briefly suggested the state had not proven venue. *See State v. Woodson*, 4th Dist. Ross No. 97-CA-2306, 1998 WL 51606 (Feb. 11, 1998) (reviewing defendant's challenge to venue under a plain error analysis where defendant failed to make any objection in his Crim.R. 29 motion with regard to venue but argued in closing arguments that the state had failed to prove venue).

have been different. *Stone* at *id.*

{¶ 12} Appellant was convicted of receiving stolen property in violation of R.C. 2913.51(A), which states: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." R.C. 2901.12, the venue statute, states that when the offense involves the unlawful taking or receiving of property, "the offender may be tried in any jurisdiction from which or into which the property * * * was taken [or] received[.]" R.C. 2901.12(C). In addition, venue is proper if "any element" of the crime was committed in the territory of any court having jurisdiction of the subject matter. R.C. 2901.12(A); *State v. Schmitter*, 12th Dist. Madison No. CA98-02-010, 1999 WL 125369, *1 (Mar. 8, 1999).

{¶ 13} Ohio courts "have found sufficient proof of venue from testimony that a particular locality's police department investigated the alleged crime." *See State v. Norton*, 2d Dist. Greene No. 97 CA 112, 1998 WL 853022 (Dec. 11, 1998) (evidence that officers employed by the Greene County Sheriff's Department investigated a burglary committed in Bath Township was sufficient to prove venue in Greene County); *State v. Woodson*, 4th Dist. Ross No. 97-CA-2306, 1998 WL 51606 (Feb. 11, 1998) (evidence that a Ross County deputy sheriff investigated a robbery committed in Bainbridge was sufficient to establish venue in Ross County). Ohio courts have also held that reference to a street address only, without reference to a city, county, or state, is insufficient to prove venue. *See Lahmann*, 2007-Ohio-1795 (evidence that an offense occurred at a particular street address, standing alone, is insufficient to establish venue); *State v. Wilson*, 6th Dist. Huron No. H-13-002, 2014-Ohio-1005.

{¶ 14} Upon reviewing the facts and circumstances presented prior to the denial of appellant's Crim.R. 29 motion, we find that venue was adequately, albeit not directly, established in Clermont County with regard to receiving stolen property. At trial, an officer

from the Clermont County Sheriff's Department testified she was assigned to the case and conducted the investigation that followed. Irvin testified that she lived at 3517 Clover Road in Bethel, Ohio in 2013 and that appellant and his family lived at that same address for several months in 2013. The evidence at trial shows that the jewelry pawned by appellant was taken from or received in Irvin's home in Bethel, Ohio.

{¶ 15} In light of the foregoing, we find that venue was proper in Clermont County under R.C. 2901.12(A) and (C). The trial court, therefore, did not commit any error, plain or otherwise, in denying appellant's motion for acquittal. *See State v. Lee*, 3d Dist. Union No. 14-06-18, 2006-Ohio-6091. Appellant's first assignment of error is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT THAT THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO PROVE VENUE.

{¶ 18} Appellant argues his trial counsel was ineffective because he failed to object to the state's failure to establish venue beyond a reasonable doubt. Given our resolution of appellant's first assignment of error, appellant second assignment of error is moot and we decline to address it. *See State v. Sullivan*, 1st Dist. Hamilton Nos. C-130628 and C-130629, 2014-Ohio-3112; *State v. Jazdzewski*, 4th Dist. Washington No. 14CA15, 2015-Ohio-2416 (trial counsel was not ineffective where venue was proper and thus, an objection to venue would have been fruitless).

{¶ 19} Judgment affirmed.

S. POWELL, J., concurs.

PIPER, P.J., concurs separately.

**PIPER, P.J., concurring separately.**

- 5 -

{¶ 20} I concur with the majority opinion but write separately due to the importance of directly proving venue, which cannot be over emphasized. It is uncertain what the future remedy may be if the state fails to prove venue. *See State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688. Yet it remains clear the state bears the responsibility of proving venue beyond a reasonable doubt in every case. The significance of venue is observed by its inclusion in the Ohio Revised Code, our Criminal Rules, and the Ohio Constitution.[2]

{¶ 21} It may be only a matter of time before circumstantial evidence is stretched so thin that it cannot meet the required burden of proof. In my opinion, this case came close. Prosecutors using circumstantial evidence and inferences to prove venue must take note of the risks involved. Not all inferences are reasonable and inferences drawn entirely upon inferences are impermissible. *State v. Cooper*, 147 Ohio App.3d 116, 2002-Ohio-617 (12th Dist.). For example, just because a law enforcement agency stopped a vehicle does not mean that the law enforcement officer initiating the stop was within his or her jurisdiction. *See State v. Brown*, Slip Opinion No. 2015-Ohio-2438 (officer lacked authority to enforce a lane change violation on an interstate highway and search of vehicle was unreasonable as it was an extra-territorial stop).

{¶ 22} While venue need not be established by a direct question, it is by far the better practice. A direct question could easily eliminate a number of these cases where the proof of venue is being challenged because of a reliance upon circumstantial evidence. Prosecutors have routine questions they ask, such as identification of the alleged perpetrator. Venue should also be a routine question. The importance of proving venue with a direct question is not aimed at compliance with a technicality, but rather to satisfy Ohio law. Training for assistant prosecutors should be accordingly.

---

1. R.C. 2901.12; Crim.R. 18(A); and Section 10, Art. I, Ohio Constitution.