[Cite as *State v. Langford*, 2016-Ohio-456.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-08-074 |
| | : | O P I N I O N |
| - vs - | | 2/8/2016 |
| | : | |
| RHONDA LANGFORD, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13CR29503

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Madden & Oswall Co., LPA, Stephan D. Madden, 810 Sycamore Street, 5th Floor, Cincinnati, Ohio 45202, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Rhonda Langford, appeals from her sentence in the Warren County Court of Common Pleas for trafficking in drugs. For the reasons set forth below, we affirm in part, reverse in part, and remand the matter for the imposition of postrelease control.

{¶ 2} Appellant was indicted on September 30, 2013, for one count of trafficking in

drugs in violation of R.C. 2925.03(A)(1), a felony of the fifth degree. The charge arose out of allegations that appellant, on February 19, 2013, knowingly sold Alprazolam, a schedule IV controlled substance, to an undercover officer in Lebanon, Warren County, Ohio.

{¶ 3} On June 18, 2015, appellant entered a guilty plea to the charge. The trial court ordered a presentence investigation report and scheduled sentencing for August 3, 2015. At the sentencing hearing, the trial court determined appellant was not amenable to community control sanctions and that a prison sentence was consistent with the purposes and principles of sentencing. Appellant was ordered to serve 11 months in prison, with jail-time credit for 78 days.

{¶ 4} Appellant timely appealed her sentence, raising the following assignment of error:

{¶ 5} THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT TO PRISON ON A FELONY IN THE FIFTH DEGREE WITHOUT MAKING THE PROPER FINDINGS ON THE RECORD.

{¶ 6} In her sole assignment of error, appellant argues the trial court erred in imposing a prison sentence, rather than community control. Appellant contends the trial court failed to adequately consider the principles and purposes of sentencing under R.C. 2929.11 or the seriousness and recidivism factors set forth in R.C. 2929.12 before imposing a prison sentence.

{¶ 7} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. "When considering an appeal of a trial court's felony sentencing decision under R.C. 2953.08(G)(2), '[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.'" *Id.* at ¶ 7,

quoting R.C. 2953.08(G)(2). However, an appellate court's review of an imposed sentence is not whether the sentencing court abused its discretion. *Id.*; *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 6. Rather, an appellate court may take any action authorized by R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences appellant within the permissible statutory range. *Moore* at ¶ 6; *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 107.

{¶ 8} Appellant pled guilty to trafficking in drugs in violation of R.C. 2925.03(A)(1), a felony of the fifth degree. As appellant was convicted of trafficking in a schedule IV controlled substance, R.C. 2925.03(C)(2)(a) directs the trial court to apply R.C. 2929.13(B) in determining whether to impose a prison term.

{¶ 9} "R.C. 2929.13(B)(1)(a) sets forth a presumption for community control if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence." *State v. Hughes*, 12th Dist. Butler CA2013-05-081, 2014-Ohio-1320, ¶ 11. However, the presumption of community control is subject to a number of exceptions contained in R.C. 2929.13(B)(1)(b). *Id.* at ¶ 12. The statute provides, in relevant part, as follows:

> (B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a

qualifying assault offense, *the court shall sentence* the offender to a community control sanction of at least one year's duration *if all of the following apply*:

(i) *The offender previously has not been convicted of or pleaded guilty to a felony offense.*

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

(b) The court has *discretion to impose a prison term* upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying offense *if any of the following apply*:

* * *

(x) The offender, at the time of the offense was serving, *or the offender previously has served, a prison term.*

* * *

(2) If division (B)(1) of this section does not apply, * * * in determining whether to impose a prison term as a sanction for a felony of the fourth or fifth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and section 2929.12 of the Revised Code.

(Emphasis added.)  R.C. 2929.13(B)(1)-(2).

{¶ 10} Having reviewed the record, we find that the trial court had the discretion to sentence appellant to a term of imprisonment rather than impose community control sanctions. The requirement to impose community control sanctions under R.C.

- 4 -

2929.13(B)(1)(a) does not apply where a defendant convicted of a fifth-degree felony has previously been convicted or pled guilty to a felony. R.C. 2929.13(B)(1)(a)(i). *See also State v. Martin*, 12th Dist. Butler No. CA2013-03-055, 2013-Ohio-3676, ¶ 15; *State v. Esmail*, 7th Dist. Columbiana No. 11 CO 35, 2013-Ohio-2165, ¶ 35.

{¶ 11} Here, the record demonstrates appellant had prior felony convictions for which she served a prison term. The presentence investigation report indicates that in 2013, appellant was sentenced to three years in prison following felony convictions in Campbell County, Kentucky for unlawful transaction with a minor, tampering with physical evidence, and possession of a controlled substance in the first degree. Appellant acknowledged these felony convictions at her plea hearing, explaining to the trial court that the reason for the delay between her September 2013 indictment and her June 2015 guilty plea was because she was serving a prison term for the Kentucky offenses.

{¶ 12} As the presumption of community control under R.C. 2929.13(B)(1) did not apply to appellant, the trial court was required to consider the principles and purposes of sentencing under R.C. 2929.11 and 2929.12 in determining whether to impose a prison sentence. R.C. 2929.13(B)(2). The purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). A felony sentence must be reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). "When sentencing a defendant, a trial court is not required to consider each sentencing factor, 'but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure.'" *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11, quoting *State v. Oldiges*, 12th Dist. Clermont No. CA2011-10-073, 2012-Ohio-3535, ¶ 17.

The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider any relevant factors in imposing a sentence. *Id.*; *State v. Birt*, 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379, ¶ 64.

{¶ 13} The record reflects the trial court considered the purposes and principles of sentencing before determining that appellant was not amenable to available community control sanctions and that community control sanctions were not appropriate in this case. The sentencing entry specifically states that

> [t]he Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. §2929.11. The Court has balanced the seriousness and recidivism factors under R.C. §2929.12 and considered the factors under R.C. §2929.13. The Court inquired if the Defendant had anything to say in mitigation regarding the sentence.

{¶ 14} Further, the record from the sentencing hearing indicates the trial court considered the nature of appellant's crime, her conduct in jail while facing the trafficking charge, and the likelihood that appellant would comply with any community control sanctions imposed by the court. The court noted that while in the Warren County Jail, appellant had numerous rule violations, including being disruptive, using the medical emergency button for nonemergencies even after being warned not to do so, having contraband, drawing a large Nazi sign and writing "white power" and "I heart Ricky James Langford" on the wall of her cell, not standing for head count, disobeying direct rules, and disrespecting and lying to officers. Given appellant's behavior while in jail, the trial court found "there is no way [appellant is] going to obey the rules of supervision. It's just not going to happen." The court found appellant was "not amenable to community control" and that "[t]o put [appellant] on community control in this case, would seriously demean the seriousness of this offense and is not consistent with the purposes and principles of sentencing, including punishment, deterrence and protection of the public." We find no error in the trial court's determination in

- 6 -

this case that a prison sentence, rather than community control sanctions, was consistent with the principles and purposes of sentencing.

{¶ 15} Therefore, to the extent that the trial court considered the purposes and principles of sentencing under R.C. 2929.11 as well as the factors listed in R.C. 2929.12, appropriately concluded appellant was not amenable to a community control sanction pursuant to R.C. 2929.13(B), and imposed a sentence within the permissible statutory range for a fifth-degree felony in accordance with R.C. 2929.14(A)(5), we overrule appellant's assignment of error and affirm her sentence.

{¶ 16} However, after reviewing the record we notice and raise, sua sponte, an error in the imposition of postrelease control. R.C. 2929.19 requires that a court, when imposing sentence, notify the offender at the hearing that she will be subject to supervision pursuant to R.C. 2967.28 and that upon violating supervision or a condition of postrelease control, the parole board may impose a prison term of up to one-half of the prison term originally imposed upon the offender. See R.C. 2929.19(B)(2)(d) and (e). Failure to do so renders that part of the sentence void and it must be set aside. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26. However, R.C. 2929.191 provides a statutory remedy to correct a trial court's failure to properly impose postrelease control. *See State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 23.

{¶ 17} In the present case, although the trial court stated at the sentencing hearing that it was "going to sentence [appellant] to prison for the next eleven months, plus the optional period of post-release control that we talked about at sentencing [sic]," the record reveals that the court never discussed postrelease control with appellant at sentencing. The court failed to advise appellant under R.C. 2967.28(C) that she was subject to a discretionary period of postrelease control of up to three years following her release from prison, and it further failed to advise appellant under R.C. 2929.19(B)(2)(e) that she could face an

additional prison term if she violated the terms of her postrelease control.

{¶ 18} Accordingly, as the trial court failed to properly impose postrelease control at the sentencing hearing, we reverse and remand this case for the limited purpose of permitting the trial court to employ the postrelease control correction procedures set forth in R.C. 2929.191. In all other respects, the judgment of the trial court is affirmed.

{¶ 19} Judgment affirmed in part, reversed in part, and the matter remanded.

M. POWELL, P.J., and PIPER, J., concur.