[Cite as *State v. Joseph*, 2017-Ohio-7309.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| DAVID A. JOSEPH, SR. | : | Case No. 17-CA-28 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 16-CR-673



JUDGMENT:                       Affirmed



DATE OF JUDGMENT:               August 18, 2017



APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

CLIFFORD J. MURPHY                      JUSTIN M. FOX
20 North Second Street                  5 East Long Street
4th Floor                               Suite 603
Newark, OH  43055                       Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, David Joseph, Sr., appeals his April 26, 2017 conviction and sentence of the Court of Common Pleas of Licking County, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} After being released from prison after having served five years for passing bad checks, appellant was arrested on March 14, 2016, for passing a bad check. On March 24, 2016, the Licking County Grand Jury indicted appellant on one count of passing a bad check in violation of R.C. 2913.11 (Case No. 2016CR00149). The victim was Pugh Jewelers. A trial was held in July 2016 wherein appellant was found guilty. He was sentenced to twelve months in prison.

{¶ 3} On November 3, 2016, the Licking County Grand Jury indicted appellant on two counts of passing bad checks in violation of R.C. 2913.11 and one count of attempted theft in violation of R.C. 2923.02 and 2913.02, the underlying case sub judice. The victims were Granville Market, Bowman Tire and Repair Center, Washington Hardware, Dunkin's Diamonds, Granville Milling & Feed, Plaza Pizza, and Ohio Tire Sales.

{¶ 4} On January 19, 2017, appellant filed a pro se motion to amend the November indictment, claiming the two counts for passing bad checks should be merged under R.C. 2913.11(E) because they alleged the same course of conduct between the same dates.

{¶ 5} On January 20, 2017, appellant's appointed counsel filed a motion to dismiss the November indictment, claiming police investigators were aware in early March 2016 of the victims of the November 2016 indictment, but the state chose to first indict

appellant on the bad check involving Pugh Jewelers; therefore appellant's speedy trial rights began in March and were violated.

{¶ 6} On April 25, 2017, a change of plea hearing was held. Prior to taking appellant's plea, the trial court entertained arguments on the motion to dismiss for a violation of speedy trial rights. The trial court denied the motion. Appellant then pled no contest to the three counts in the indictment. The plea agreement indicated all three counts merge for sentencing. Defense counsel argued the sentence imposed should be merged with the sentence imposed out of the March indictment because all the counts stemmed from the same common conduct during the same time period. Defense counsel had also submitted this argument to the trial court via a sentencing memorandum filed the morning of the plea hearing. By judgment of conviction and sentence filed April 26, 2017, the trial court found appellant guilty, merged the three counts for sentencing, and sentenced appellant to ten months incarceration with jail time credit of 47 days.

{¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 8} "THE TRIAL COURT VIOLATED THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT WHEN IT FAILED TO MERGE ALL COUNTS OF DEFENDANT'S PASSING BAD CHECKS."

{¶ 9} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by

App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 10} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 11} This appeal shall be considered in accordance with the aforementioned rules.

I

{¶ 12} In his sole assignment of error, appellant claims the trial court violated the Double Jeopardy Clause when it failed to merge all counts of passing bad checks. We disagree.

{¶ 13} R.C. 2913.11 governs the offense of passing bad checks. Subsection (E) states: "In determining the value of the payment for purposes of division (F) of this section, the court may aggregate all checks and other negotiable instruments that the offender issued or transferred or caused to be issued or transferred in violation of division (A) of this section within a period of one hundred eighty consecutive days."

{¶ 14} Subsection (F) states in part:

> Whoever violates this section is guilty of passing bad checks. Except
> as otherwise provided in this division, passing bad checks is a misdemeanor
> of the first degree. If * * * the check or checks or other negotiable instrument

or instruments are issued or transferred to multiple vendors or persons for the payment of one thousand five hundred dollars or more but less than seven thousand five hundred dollars, passing bad checks is a felony of the fifth degree.

{¶ 15} The November indictment alleged all the bad checks were passed between March 1, 2016, and March 31, 2016. Appellant argues the sentence sub judice should have merged with the sentence imposed in the Pugh Jewelers case because the passing of the bad checks from March 1, 2016 to March 31, 2016, was a common course of conduct, and the Pugh Jewelers check was written on March 5, 2016. In his brief at 7-8, appellant argues "the State failed to aggregate *all* checks. And brought multiple indictments at different times, by doing so the second indictment was multiplicitous." As explained by our brethren from the First District in *State v. Johnson,* 1st Dist. Hamilton Nos. C-0801195 & C-0801196, 2009-Ohio-6800, ¶ 19:

> Multiplicity occurs when a single crime has been arbitrarily divided or separated into two or more separate counts. The danger of a multiplicitous indictment is that it may give rise to a double-jeopardy violation by resulting in multiple sentences for a single offense, or that it may prejudice a defendant by causing a guilty verdict on a given count solely on the strength of evidence on the remaining counts.

{¶ 16} In his sentencing memorandum filed April 25, 2017, defense counsel argued the following:

Again, the aggregation provision of R.C. 2913.11 allows the court to aggregate *all* checks within a period of 180 days; in this case that (sic) State charged Defendant with a course of conduct that ranged from between March 1 to March 31, 2016. As the State chose to charge Defendant under the aggregation provision in lieu of charging misdemeanors for each individual check, they were obligated to include *all* checks, including that to Pugh Jewelers. The subsequent indictment included alleged victims who were known to law enforcement and the State when he was indicted in the first instance. Yet, the State waited until he was incarcerated on the original case to charge the second case, for conduct that was within the same time frame. (Emphasis sic.)

{¶ 17} During the sentencing phase of the change of plea hearing, defense counsel argued under R.C. 2913.11(E), the court may aggregate all checks that occur within 180 days, but the state only "aggregated some. I believe they were bound to aggregate all." April 25, 2017 T. at 29.

{¶ 18} Nowhere in R.C. 2913.11 does it mandate that the state is bound or required to aggregate *all* checks. Aggregation is permissible to bump individual misdemeanors to a felony and is discretionary. Appellant's acts of passing multiple bad checks is not a "single crime," but separate crimes relative to each separate victim.

{¶ 19} Upon review, we do not find a violation of the Double Jeopardy Clause.

{¶ 20} The sole assignment of error is denied.

{¶ 21} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Gwin, J. concur.

EEW/sg 724