[Cite as *State v. Smith*, 2022-Ohio-1547.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-08-077 |
| | : | O P I N I O N |
| - vs - | | 5/9/2022 |
| | : | |
| LOUIS SMITH, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 2020 CR 37517

David Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.

**S. POWELL, J.**

{¶ 1} Appellant, Louis Smith, appeals from his conviction in the Warren County Court of Common Pleas after he pled guilty to one count of fourth-degree felony aggravated assault. For the reasons outlined below, we reverse and remand this matter to the trial court for the limited purpose of permitting the trial court to employ the postrelease control

correction procedures set forth in R.C. 2929.191. Smith's conviction in all other respects is affirmed.

{¶ 2} On June 21, 2020, Smith pled guilty to aggravated assault. The charge arose after Smith got into an altercation with the victim, T.D., that ultimately resulted in T.D. having to undergo surgery to have a butcher's knife removed from her leg. Upon Smith entering his guilty plea, the trial court accepted the plea and scheduled the matter for sentencing on August 9, 2021. At sentencing, the trial court sentenced Smith to serve a 12-month prison term. There is no dispute that, at sentencing, the trial court did not advise Smith that he would be subject to an optional three-year postrelease control term following his release from prison. The trial court's sentencing entry, however, did include that postrelease control notification.

{¶ 3} Smith now appeals from his conviction, raising the following single assignment of error for review.

{¶ 4} THE TRIAL COURT ERRED BY FAILING TO INFORM APPELLANT OF THE IMPOSITION OF A TERM OF POST RELEASE (sic) CONTROL AT HIS SENTENCING HEARING.

{¶ 5} Smith argues the trial court erred by failing to advise him at sentencing that he would be subject to an optional three-year postrelease control term upon his release from prison. The state concedes, and we agree, that Smith's argument has merit. This is because, as the record indicates, the trial court failed to provide Smith with the postrelease control notification required under R.C. 2929.19(B)(2)(d) and (e) at his sentencing hearing. This holds true even though Smith received notice of that optional postrelease control term, and the consequences of violating the terms of that optional postrelease control term, as part of the trial court's sentencing entry. Therefore, because the trial court failed to properly advise Smith of postrelease control at the sentencing hearing, we sustain Smith's single

assignment of error on that basis.

{¶ 6} Accordingly, finding Smith's single assignment of error has merit, we reverse and remand this case to the trial court for the limited purpose of permitting the trial court to employ the postrelease control correction procedures set forth in R.C. 2929.191. *See State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 44 and 45; *see also State v. Langford*, 12th Dist. Warren No. CA2015-08-074, 2016-Ohio-456, ¶ 16 thru 18. Smith's conviction in all other respects is affirmed.

{¶ 7} Judgment affirmed in part, reversed in part, and remanded.

M. POWELL, P.J., and BYRNE, J., concur.