[Cite as *State v. Bussell*, 2025-Ohio-699.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-06-040 |
| | : | O P I N I O N |
| - vs - | | 3/3/2025 |
| | : | |
| DANNY J. BUSSELL, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CR40800

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Engel and Martin, LLC, and Joshua A. Engel, for appellant.

**PIPER, J.**

{¶ 1} Appellant, Danny J. Bussell, appeals the conviction he received in the Warren County Court of Common Pleas after a jury found him guilty of one count of third-degree felony gross sexual imposition in violation of R.C. 2907.05(A)(4). For the reasons outlined below, we affirm in part, reverse in part, and remand for the limited purpose of permitting the trial court to employ the postrelease control correction procedures set forth

in R.C. 2929.191.[1]

**{¶ 2}** On July 24, 2023, the Warren County Grand Jury returned a three-count indictment. The indictment charged Bussell with one count of first-degree felony rape in violation of R.C. 2907.02(A)(1)(b), and two counts of third-degree felony gross sexual imposition, one in violation of R.C. 2907.05(B) and the other in violation of R.C. 2907.05(A)(4). The charges arose after it was alleged Bussell engaged in sexual conduct and sexual contact with, and touched the genitalia of, the child victim, Paige, at various times between January 1, 2012 through October 12, 2013 and January 1, 2012 through December 31, 2014.[2] This included allegations that Bussell had, on at least one occasion, touched Paige's leg and upper thigh for the purpose of his own sexually gratification.

**{¶ 3}** On April 18 and 19, 2024, the matter proceeded to a two-day jury trial. Following the trial, the jury returned verdicts finding Bussell not guilty of rape and gross sexual imposition in violation of R.C. 2907.02(A)(1)(b) and 2907.05(B), but guilty of gross sexual imposition in violation of R.C. 2907.05(A)(4). Pursuant to that statute, no person shall have "sexual contact" with a person less than 13 years of age. The term "sexual contact" is defined by R.C. 2907.01(B) to mean "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

**{¶ 4}** On June 25, 2024, the trial court held a sentencing hearing where it sentenced Bussell to serve a total of 24 months in prison, less 19 days of jail-time credit. The trial court also classified Bussell a Tier II sex offender/child victim offender. The trial

---

1. "R.C. 2929.191 provides a statutory remedy to correct a trial court's failure to properly impose postrelease control." *State v. Langford*, 2016-Ohio-456, ¶ 16 (12th Dist.), citing *State v. Singleton*, 2009-Ohio-6434, ¶ 23.

2. This court has provided the victim with a fictious name for purposes of issuing this opinion.

court, however, failed to notify Bussell that he would be subject to a mandatory five-year term of postrelease control upon his release from prison. The following day, June 26, 2024, Bussell filed a notice of appeal. Following briefing, on February 5, 2025, Bussell's appeal was submitted to this court for consideration. Bussell's appeal now properly before this court for decision, Bussell has raised three assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL AND THE JURY ERRED IN FINDING APPELLANT GUILTY OF GROSS SEXUAL IMPOSITION AS THE FINDING WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 7} In his first assignment of error, Bussell argues the trial court erred by denying his Crim.R. 29(A) motion for acquittal and that the jury's verdict finding him guilty of gross sexual imposition in violation of R.C. 2907.05(A)(4) was not supported by sufficient evidence and was against the manifest weight of the evidence. This is because, according to Bussell, the record is devoid of any evidence to establish, beyond a reasonable doubt, that Warren County was a proper venue for his trial. We disagree.

{¶ 8} "'Venue commonly refers to the appropriate place of trial for a criminal prosecution within a state.'" *State v. Baker*, 2020-Ohio-2882, ¶ 20 (12th Dist.), quoting *State v. Meridy*, 2005-Ohio-241, ¶ 12 (12th Dist.). "The importance of venue is to give the defendant the right to be tried in the vicinity of his alleged criminal activity." *State v. Davis*, 2017-Ohio-495, ¶ 21 (12th Dist.). Venue is not jurisdictional. *State v. Lampe*, 2015-Ohio-3837, ¶ 18 (12th Dist.). Venue is also not a material element to any offense charged. *State v. Kyles*, 2023-Ohio-489, ¶ 116 (12th Dist.). Venue is nevertheless "a fact that the state must prove beyond a reasonable doubt." *State v. McCollum*, 2015-Ohio-3286, ¶ 8 (12th Dist.), citing *State v. Stone*, 2008-Ohio-5671, ¶ 17 (12th Dist.).

"When the state fails to prove venue with respect to a charged criminal offense, the defendant is entitled to be discharged from that offense." *Id.*, citing *State v. Lahmann*, 2007-Ohio-1795, ¶19 (12th Dist.).

**{¶ 9}** "Pursuant to R.C. 2901.12(A), venue lies in any jurisdiction in which the offense or any element of the offense was committed." *State v. Vunda*, 2014-Ohio-3449, ¶ 29 (12th Dist.). Similarly, Article I, Section 10 of the Ohio Constitution provides criminal defendants with the right to a jury trial in the county in which the offense is alleged to have been committed. *State v. Moore*, 2022-Ohio-1460, ¶ 14. "Venue need not be proven in express terms; it may be established either directly or indirectly by all the facts and circumstances of the case." *State v. Jackson*, 2014-Ohio-3707, ¶ 144. That is to say, venue need not be established by direct evidence but may instead be established circumstantially. *State v. Warman*, 2017-Ohio-244, ¶ 31 (12th Dist.). Venue is established where there is a "sufficient nexus" between the defendant and the county where the trial is held. *State v. Jordan*, 2015-Ohio-575, ¶ 16 (12th Dist.). Therefore, "[a]s long as there is a sufficient nexus between the defendant and the county of the trial, venue is satisfied." *State v. Smith*, 2012-Ohio-4644, ¶ 26 (12th Dist.).

**{¶ 10}** Bussell argues the state failed to establish Warren County as a proper venue for his trial because the victim, Paige, could not remember what street they were on or what store they were going to when he began rubbing his hand up her leg and onto her upper thigh so as to support his conviction for gross sexual imposition in violation of R.C. 2907.05(A)(4). Bussell argues that this is problematic since he lives just five-minutes away from the county line separating Warren County from its neighboring Butler County.

**{¶ 11}** However, as a simple review of the record reveals, Paige specifically testified that Bussell began rubbing his hand up her leg and onto her upper thigh shortly after they left Bussell's home in Mason to run a "short errand" while they were still

- 4 -

"somewhere" in Warren County.[3] Paige also testified, when asked how she knew Bussell had touched her while they were still "somewhere" in Warren County, that it was because she "remember[s] going to a store around there and it wasn't very long after [they] left" Bussell's home that Bussell began touching her leg and thigh. Given its verdict, the jury clearly found Paige's testimony as to where this incident took place credible, thereby establishing Warren County as a proper venue for Bussell's trial beyond a reasonable doubt. Therefore, because the record in this case establishes the requisite "sufficient nexus" to render Warren County a proper venue to hold Bussell's trial beyond a reasonable doubt, Bussell's first assignment of error lacks merit and is overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED BY GIVING A PREJUDICIAL JURY INSTRUCTION AS TO CONTINUING COURSE OF CONDUCT.

{¶ 14} In his second assignment of error, Bussell argues it was error for the trial court to give a "continuing course of conduct" instruction to the jury pursuant to R.C. 2901.12(H). Specifically, Bussell argues that it was error to instruct the jury on continuing course of conduct as follows:

> When an offender commits an offense or commits offenses in different jurisdictions as part of continuing course of criminal conduct, he may be tried and convicted for all offenses in any one jurisdiction in which the offender committed one of the offenses or any element of one of those offenses.

{¶ 15} Bussell claims this instruction is "not clear," is "misleading," and resulted in prejudice to him because "there was otherwise insufficient evidence to support venue" to support his conviction for gross sexual imposition in violation of R.C. 2907.05(A)(4). Venue, however, was plainly established through Paige's testimony as set forth above in

---

3. The record indicates that Mason is a city located within Warren County.

Bussell's first assignment of error. Therefore, any error the trial court may have made by giving the above continuing course of conduct instruction to the jury in this case—of which we have found none—would be considered harmless. "An error is harmless where there is no reasonable possibility that it contributed to an accused's conviction, such as where there is overwhelming evidence of the accused's guilt or some other indicia that the error did not contribute to the conviction." *State v. Kyles*, 2024-Ohio-998, ¶ 27 (12th Dist.). Accordingly, finding any error the trial court may have made by instructing the jury on continuing course of conduct was, at worst, harmless, Bussell's second assignment of error also lacks merit and is overruled.

{¶ 16} Assignment of Error No. 3:

{¶ 17} THE TRIAL COURT ERRED IN SENTENCING APPELLANT AS HIS SENTENCE IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW.

{¶ 18} In his third assignment of error, Bussell argues the trial court's decision sentencing him to serve 24 months in prison was clearly and convincingly contrary to law. Bussell supports this claim by arguing that there is "no indication on the record" the trial court "made a careful and substantial deliberation as to relevant statutory considerations" at sentencing. This would include, most notably, consideration of the purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12. However, "[t]he fact that the trial court did not expressly cite to R.C. 2929.11 and 2929.12 during the sentencing hearing is immaterial, considering it specifically cited to both statutes within its sentencing entry." *State v. Julious*, 2016-Ohio-4822, ¶ 11 (12th Dist.). Such is the case here.

{¶ 19} Within its sentencing entry, the trial court expressly stated that it had considered, among other things, the record, any arguments of counsel, any statements of the parties, any statements or other information in mitigation, as well as "the purposes

and principles of sentencing in R.C. § 2929.11, the seriousness and recidivism factors in R.C. § 2929.12, and all other relevant sentencing statutes." "This court has previously determined that such language in the judgment entry defeats a claim that the trial court failed to consider statutory sentencing guidelines." *State v. Peck*, 2016-Ohio-1578, ¶ 9 (12th Dist.). Therefore, because this court has already determined that the above language in a trial court's sentencing entry defeats a claim that the trial court failed to consider the necessary statutory sentencing guidelines, R.C. 2929.11 and 2929.12, Bussell's first argument lacks merit.

{¶ 20} Bussell also argues the trial court erred by failing to advise him at sentencing that he would be subject to a mandatory five-year postrelease control term upon his release from prison. The state concedes, and we agree, that Bussell's argument has merit. This is because, as the record indicates, the trial court failed to provide Bussell with the required postrelease control notification at his sentencing hearing. This holds true even though Bussell received notice of that mandatory postrelease control term, and the consequences of violating the terms of that mandatory postrelease control term, as part of the trial court's sentencing entry. *State v. Smith*, 2022-Ohio-1547, ¶ 5 (12th Dist.). Therefore, because the trial court failed to properly advise Bussell of postrelease control at the sentencing hearing, we sustain Bussell's second argument on that basis. Accordingly, finding merit to this portion of Bussell's third assignment of error only, we reverse and remand this case to the trial court for the limited purpose of permitting the trial court to employ the postrelease control correction procedures set forth in R.C. 2929.191. Bussell's conviction in all other respects is affirmed.

{¶ 21} Judgment affirmed in part, reversed in part, and remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.