[Cite as *State v. Hake*, 2025-Ohio-4622.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-01-001 |
| | : | <u>OPINION AND</u> |
| - vs - | | <u>JUDGMENT ENTRY</u> |
| | : | 10/6/2025 |
| NATHANIEL W. HAKE, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 24 CR 14244


Eric Marit, Preble County Prosecuting Attorney, and Kathryn M. West, Assistant Prosecuting Attorney, for appellee.

Alana Van Gundy, for appellant.


# **O P I N I O N**


**M. POWELL, J.**

{¶ 1} Appellant, Nathaniel Hake, appeals his conviction and sentence in the Preble County Court of Common Pleas for passing bad checks.

{¶ 2} On February 5, 2024, appellant was indicted on three counts of passing bad checks in violation of R.C. 2913.11(B). Count 1, a fourth-degree felony, concerned three checks written to Norman and Gene Gabbard as payments upon a land installment contract in the aggregate amount of $9,996.48.[1] Although appellant had made good on these checks to the Gabbards prior to being indicted, he had failed to do so within ten days of receiving notice that the checks had been dishonored as provided by R.C. 2913.11(C)(2). Count 2, also a fourth-degree felony, concerned a $95,300 check written to CAT Ohio. Count 3, a third-degree felony, concerned three checks written to CAT Ohio, totaling $233,738.

{¶ 3} Appellant retained attorney Jeremy Tomb to represent him. Appellant was arraigned on February 9, 2024, and entered not guilty pleas. On June 14, 2024, Tomb moved to withdraw as counsel on the basis that appellant was not adhering to the attorney fee agreement and was not communicating with counsel. A hearing was held on the motion during which appellant informed the trial court he intended to hire new counsel. By entry of June 21, 2024, the trial court granted Tomb's motion to withdraw as counsel. The entry scheduled a hearing "on the status of defense counsel" for July 10, 2024, and memorialized the trial court's advisement to appellant that "if he did not hire counsel by July 10, 2024, the Court would appoint an attorney to represent him so that the case could move forward without unnecessary delay." When appellant did not retain counsel by the July 10, 2024 status hearing, the trial court appointed counsel for appellant.

{¶ 4} Appellant moved to dismiss Counts 2 and 3, claiming that Preble County was not the proper venue for those charges. A hearing on the motion was scheduled for August 20, 2024, and was subsequently rescheduled twice. On September 9, 2024, while

---

1. The indictment refers to the Gabbards as Norman Ray and Gene Gabbard. However, Gene Gabbard, a woman, is referred to as Jean Gabbard at the sentencing hearing.

the motion to dismiss Counts 2 and 3 remained pending, appellant appeared before the trial court and pled guilty to Count 1, an amended charge of fifth-degree felony attempted passing of bad checks, and Count 2 as charged. In consideration for the guilty plea, Count 3 was dismissed. The trial court accepted appellant's guilty plea and scheduled the matter for sentencing on December 18, 2024. At sentencing, the trial court sentenced appellant to 12 months in prison on Count 1 and 18 months in prison on Count 2, and ordered that the prison terms be served consecutively.

{¶ 5} Appellant now appeals, raising four assignments of error. The third assignment of error will be addressed last.

{¶ 6} Assignment of Error No. 1:

THE COURT ERRED WHEN IT DID NOT DISMISS CHARGES TWO AND THREE BASED UPON LACK OF VENUE.

{¶ 7} Appellant argues that the trial court erred as a matter of law because it "did not determine whether it had proper venue–and thus jurisdiction" over Counts 2 and 3, and did not rule on his motion to dismiss. It is well established that when a trial court fails to rule on a motion, the appellate court will presume the trial court overruled the motion. *State v. Young*, 2006-Ohio-1784, ¶ 15 (12th Dist.). An appellate court applies a de novo standard of review when reviewing a trial court's decision regarding a motion to dismiss. *State v. Myers*, 2019-Ohio-4914, ¶ 10 (12th Dist.).

{¶ 8} "Venue commonly refers to the appropriate place of trial for a criminal prosecution within a state." *State v. Bussell*, 2025-Ohio-699, ¶ 8 (12th Dist.). Venue is not jurisdictional and is also not a material element of the offense. *State v. Jordan*, 2015-Ohio-575, ¶ 29 (12th Dist.). By pleading guilty, a defendant admits to committing the offense as charged. *Id*. Moreover, by pleading guilty, a defendant waives the opportunity to challenge the factual issue of venue. *Id.*

- 3 -

{¶ 9} As appellant pled guilty to Count 2 (and Count 1) and Count 3 was dismissed, the State was not required to prove venue. Rather, appellant's guilty plea admitted that venue was proper. The plea hearing as well as the written waiver and plea agreement signed by appellant indicate that appellant was aware that by pleading guilty he was admitting to committing the offenses and consequently that the State was not required to prove his guilt beyond a reasonable doubt. Therefore, appellant has waived the ability to challenge the factual issue of venue. *Id.* at ¶ 30.

{¶ 10} Appellant's first assignment of error is overruled.

{¶ 11} Assignment of Error No. 2:

THE COURT VIOLATED MR. HAKE'S SIXTH AMENDMENT RIGHTS WHEN IT DENIED MR. HAKE COUNSEL OF HIS CHOICE.

{¶ 12} Appellant argues that the trial court violated his right to counsel of his choice, thereby committing structural error and requiring an automatic reversal, when the "court improperly denied [him] the capability to find retained counsel" and instead appointed counsel on July 10, 2024.

{¶ 13} The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to counsel. *State ex rel. Boyd v. Tone*, 2023-Ohio-3832, ¶ 12; *see also* Ohio Const., art. I, § 10. An "element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). If a defendant has the ability to retain a qualified attorney, the Sixth Amendment generally protects his choice of counsel. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 625 (1989). A court commits structural error when it wrongfully denies a defendant his counsel of choice, thus a defendant need not demonstrate further prejudice. *Gonzalez-Lopez* at 150.

{¶ 14} Upon reviewing the record, we find that the trial court did not violate

appellant's right to counsel of his choice when it appointed an attorney for appellant on July 10, 2024. On June 21, 2024, the trial court held a hearing on appellant's former attorney's motion to withdraw as counsel. During the hearing, appellant informed the trial court that he intended to hire new counsel and that he had three appointments with potential counsel. The trial court advised appellant that a hearing "on the status of defense counsel" would be held on July 10, 2024, that such hearing would be vacated only if a retained attorney would file a notice of appearance on appellant's behalf prior to that time, and that the court would appoint counsel if appellant did not hire counsel by July 10, 2024. The trial court's advisement was memorialized in its June 21, 2024 entry, including that "if [appellant] did not hire counsel by July 10, 2024, the Court would appoint an attorney to represent him so that the case could move forward without unnecessary delay." When appellant appeared on July 10, 2024, having not retained counsel, the trial court appointed counsel to represent him. However, in doing so, the court stated that appellant could still hire his own attorney, and that it would be inclined to grant a continuance if one was asked by his potential newly hired attorney.

{¶ 15} The record plainly shows that the trial court did not, at any time, deny appellant the right to hire counsel of his own choosing. The trial court appointed counsel to keep the case moving forward but still permitted appellant to obtain counsel of his choice. A trial court has wide latitude in balancing the right to counsel of choice against the demands of its calendar. *Gonzalez-Lopez*, 548 U.S. at 152, citing *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983). Appellant simply did not hire counsel before or after the July 10, 2024 hearing, and then proceeded to enter a guilty plea while represented by appointed counsel.

{¶ 16} Appellant's second assignment of error is overruled.

{¶ 17} Assignment of Error No. 4:

MR. HAKE'S PLEA WAS ILLUSORY AND THEREFORE INVALID UNDER OHIO LAW.

{¶ 18} Appellant argues that the plea agreement was illusory because it was based on a statement by the trial court that was invalid and unenforceable, thus rendering the plea unknowing and involuntary.

{¶ 19} Generally, a plea bargain is contractual in nature and subject to contract-law standards. *State v. Butts*, 112 Ohio App.3d 683, 686 (8th Dist. 2001). A contract is illusory "when by its terms the promisor retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and thus makes it merely illusory." *Century 21 Am. Landmark, Inc. v. McIntyre*, 68 Ohio App.2d 126, 129-130 (1st Dist. 1980). "'Where an illusory promise is made, that is, a promise merely in form, but in actuality not promising anything, it cannot serve as consideration. Even if it were recognized by law, it would impose no obligation, since the promisor always has it within his power to keep his promise and yet escape performance of anything detrimental to himself or beneficial to the promise.'" *State v. Johnson*, 2023-Ohio-2282, ¶ 47 (7th Dist.), quoting 3 *Williston on Contracts*, Section 7:7 (4th Ed. 2022).

{¶ 20} The plea hearing was held on September 9, 2024. The plea agreement was that Count 1 would be amended to an attempted passing bad checks, reducing it from a fourth-degree felony to a fifth-degree felony, and that in consideration for appellant's guilty plea to the amended Count 1 and to Count 2 as charged, Count 3, a third-degree felony, would be dismissed. The State further agreed to dismiss Count 2 if appellant paid $95,300 in restitution to Ohio CAT by the date of sentencing. At the conclusion of the plea hearing the trial court noted that trial counsel had requested that sentencing be set out a bit further than customary to provide appellant with additional time to obtain the funds to make restitution on Count 2. The State had no objection and the trial court scheduled sentencing

- 6 -

for December 18, 2024.

{¶ 21} Appellant argues that the State's promise to dismiss Count 2 was illusory because the trial court advised him during the plea hearing that it could sentence him that day, thus making it impossible to pay restitution on Count 2, a term of the plea agreement. Appellant also asserts that he was not advised of the date for when the restitution had to be paid, whom to pay the restitution to, or how to pay the restitution.

{¶ 22} The record belies appellant's assertion. The written waiver and plea agreement signed by appellant on September 9, 2024, explicitly states, "Defendant to pay restitution of $95,300 to Ohio CAT prior to sentencing. . . . If Defendant pays restitution to Ohio CAT prior to sentencing, State will move to dismiss count 2 prior to sentencing." At the conclusion of the plea hearing, the trial court scheduled sentencing for December 18, 2024. The last page of the written waiver and plea agreement signed by appellant clearly states, "This matter is hereby scheduled for final disposition on the 18 day of Dec. 2024 at 1:00 o'clock p.m." As appellant had business dealings with Ohio CAT, it is reasonable to assume he knew where to send or how to pay the restitution. Thus, appellant was clearly advised he was to pay $95,300 in restitution to Ohio CAT before December 18, 2024.

{¶ 23} In support of his argument that the plea agreement was illusory, appellant cites *State v. Aponte*, 145 Ohio App.3d 607 (10th Dist. 2001). In that case, the defendant entered into a plea agreement in which he agreed to provide the State with information in exchange for being allowed to withdraw his guilty plea at a later time. The Tenth District Court of Appeals found that the State's promise to allow the defendant to withdraw his guilty plea if he complied with the plea agreement was an illusory promise because the State had no authority to fulfill that promise as the withdrawal of a guilty plea lies solely within the discretion of the trial court. *Id.* at 613-614.

- 7 -

{¶ 24} *Aponte* does not apply here. The record reflects that the trial court approved the term of the plea agreement for potential dismissal of Count 2 when it extended the time for sentencing specifically to allow appellant time to obtain the funds to make restitution. That the trial court advised appellant it could sentence him at the conclusion of the plea hearing does not make the State's promise to dismiss Count 2 illusory. Crim.R. 11(C)(2)(b) provides that a trial court *must* inform the defendant, and determine that the defendant understands, that "the court, upon acceptance of the plea, may proceed with judgment and sentence." *State v. Bowling*, 2025-Ohio-2272, ¶ 41 (12th Dist.). Not only did the trial court comply with Crim.R. 11(C)(2)(b), but it also informed appellant he would be sentenced at a later date: "I do not intend to proceed with sentencing today. There will be a pre-sentence investigation and we will set this for final disposition at a future date. However, I am still obligated to advise you that the Court has the authority to proceed immediately with judgment and sentence when you enter your plea, do you understand that?" Appellant replied affirmatively.

{¶ 25} In consideration for appellant's guilty plea, the State reduced a fourth-degree felony to a fifth-degree felony (Count 1), dismissed the most serious offense (Count 3, a third-degree felony), and provided appellant the opportunity to obtain dismissal of Count 2, a fourth-degree felony, by making restitution by the sentencing date. Contrary to appellant's assertion, there was no "illusion of [a] false opportunity" and the plea reflected a bargained-for exchange. His plea agreement was therefore not illusory.

{¶ 26} Appellant's fourth assignment of error is overruled.

{¶ 27} Assignment of Error No. 3:

THE COURT ERRED BY SENTENCING MR. HAKE TO AN EXCESSIVE SENTENCE.

{¶ 28} Appellant was sentenced to maximum consecutive prison terms on Counts

1 and 2. Appellant argues that this sentence is excessive when considering (1) he made restitution on the Count 1 offense, (2) the Count 2 offense was improperly venued, (3) the offenses could have been merged under R.C. 2913.11(D) because the checks were allegedly written within a period of 180 consecutive days, (4) he is not a violent offender, and (5) he expressed deep remorse. Appellant does not challenge the consecutive nature of the sentence but focuses solely on the R.C. 2929.11 purposes and principles of felony sentencing and the standard of felony sentencing review under R.C. 2953.08(G)(2). We decline to address appellant's assertion regarding Count 2 because as we found under his first assignment of error, appellant's guilty plea admitted that venue was proper.

{¶ 29} A felony sentence is reviewed under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Pursuant to R.C. 2953.08(G)(2), an appellate court can modify or vacate a sentence only if it clearly and convincingly finds either of the following: (a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or (b) the sentence is otherwise contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range. *State v. Venters*, 2025-Ohio-3111, ¶ 53 (12th Dist.).

{¶ 30} "R.C. 2953.08(G)(2) does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11." *State v. Bryant*, 2022-Ohio-1878, ¶ 21, citing *State v. Jones*, 2020-Ohio-6729, ¶ 41-42. Nothing within the statute permits an appellate court to "independently weigh the evidence in the record and

substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42.

{¶ 31} We find that appellant's sentence is not contrary to law. The imposition of a 12-month prison term and 18-month prison term falls within the permissible statutory range for a fifth-degree felony offense and fourth-degree felony offense, respectively; *see* R.C. 2929.14(A)(4), (5); and a two-year optional term of postrelease control was properly imposed for the offenses. *See* R.C. 2967.28. In imposing appellant's sentence, the trial court noted, both at the sentencing hearing and in its sentencing entry, that it had considered the principles and purposes of felony sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors set forth in R.C. 2929.12. Though appellant believes a shorter prison term is a more appropriate sentence, we are precluded from second-guessing or independently weighing the evidence and substituting our judgment for that of the trial court. *See Jones* at ¶ 42. Furthermore, nothing in the record indicates that appellant's sentence was based on impermissible considerations, that is, considerations that fall outside those set forth in R.C. 2929.11 and 2929.12. Rather, the record reflects that when sentencing appellant the trial court focused on appellant's criminal record which consisted of theft and fraud offenses and passing bad checks, most of which were felonies.

{¶ 32} As for appellant's argument that the offenses could have been merged under R.C. 2913.11(D) because the checks were allegedly written within a period of 180 consecutive days, we find it lacks merit. R.C. 2913.11(D) provides that "[i]n determining the value of the payment for purposes of division (E) of this section, the court may aggregate all checks and other negotiable instruments that the offender issued or transferred or caused to be issued or transferred in violation of division (A) of this section within a period of one hundred eighty consecutive days." "Nowhere in R.C. 2913.11 does

it mandate that the state is bound or required to aggregate all checks. Aggregation is permissible to bump individual misdemeanors to a felony and is discretionary. Appellant's acts of passing multiple bad checks is not a 'single crime,' but separate crimes relative to each separate victim." *State v. Joseph*, 2017-Ohio-7309, ¶ 18 (5th Dist.).

{¶ 33} Appellant's third assignment of error is overruled.

{¶ 34} Judgment affirmed.

BYRNE, P.J., and SIEBERT, J., concur.

---

# J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Preble County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge